# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 43831

CHRISTINA J. GREENFIELD, )
)
     **Plaintiff-Appellant,** )
)
v. )
)
IAN D. SMITH, )
)
     **Defendant-Respondent.** )
_____ )

Wallace, April 2017 Term

2017 Opinion No. 59

Filed: June 6, 2017

Stephen W. Kenyon, Clerk

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

The judgment of the district court is <u>affirmed</u>.

Christina J. Greenfield, Post Falls, appellant pro se argued.

Randall/Daskin, P.S., Spokane, Washington, for respondent. Troy Y. Nelson argued.

_____

BRODY, Justice.

     This is a legal malpractice case that addresses the statute of limitations applicable to professional malpractice claims, how a statute of limitations is calculated when the last day for filing a complaint falls on a Sunday, and whether expert testimony is necessary to establish the prima facie elements of legal malpractice. Greenfield appeals the district court's decision to grant summary judgment in favor of the attorney. We affirm.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

     Greenfield hired Smith in September 2010 to represent her in a civil suit against her neighbors, Eric and Rosalynn Wurmlinger, for the alleged illegal operation of a bed and breakfast in their home. While the suit was pending, Greenfield was charged criminally with malicious injury to the Wurmlingers' property. Greenfield retained Smith to represent her in the criminal matter as well.

1

Smith represented Greenfield for approximately eighteen months. During that time, Greenfield was acquitted of the criminal charges. The civil case was scheduled to go to trial in May 2012. In February 2012, Smith filed a motion to withdraw from representing Greenfield. Smith's basis for the motion was that the attorney-client relationship had broken down to the point where he was no longer able to represent Greenfield. The district court granted the motion on March 8, 2012.

Following Smith's withdrawal, the district court rescheduled the civil trial for November 26, 2012. Greenfield represented herself at trial, and the jury returned a verdict in favor of the neighbors on November 30, 2012. The jury awarded $52,000 in damages for negligent infliction of emotional distress and $17,000 in damages for timber trespass which were then trebled. The district court also awarded the neighbors' attorney's fees and costs. The total judgment entered by the district court was $168,755.37. Greenfield appealed to this Court, and we affirmed the judgment and awarded additional attorney's fees and costs to the neighbors. *Greenfield v. Wurmlinger*, 158 Idaho 591, 349 P.3d 1182 (2015).

On December 1, 2014, Greenfield filed this malpractice case against Smith, alleging, among other things, that he failed to complete discovery, failed to file a motion for summary judgment on the Wurmlingers' counterclaim for intentional infliction of emotional distress, failed to amend the complaint to include additional causes of action for abuse of process, slander and libel, failed to file a timely motion for protective order to safeguard the privacy of her medical records, missed several important deadlines, and made no attempt to get the criminal charges dismissed for lack of evidence. Smith filed a motion for summary judgment on July 30, 2015, arguing that Greenfield's claims were time barred and that she could not prove the prima facie elements of legal malpractice because she failed to designate any expert witnesses. Greenfield opposed the motion by filing a responsive brief and her own affidavit setting forth the allegations she claimed supported her malpractice claim. Greenfield did not file any expert affidavits. Greenfield argued that her complaint was timely and that no expert witness was required to prove her case. The district court granted Smith's motion. Greenfield appealed.

## II.
## ISSUES PRESENTED ON APPEAL

1.      Whether the district court erred in determining that Smith's claims for professional malpractice were time-barred.

2.      Whether the district court erred in granting Smith's motion for summary judgment where Greenfield failed to submit any expert affidavits concerning the attorney's standard of care and causation.

3.      Whether Smith is entitled to attorney's fees on appeal.

### III.
### STANDARD OF REVIEW

"When this Court reviews a district court's decision on summary judgment, it employs the same standard as that properly employed by the trial court when originally ruling on the motion." *Kolln v. Saint Luke's Regl. Med. Ctr.*, 130 Idaho 323, 327, 940 P.2d 1142, 1146 (1997). "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material facts and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c) (repealed effective July 1, 2016). This Court considers "pleadings, depositions, and admissions on file, together with the affidavits, if any." *Kiebert v. Goss*, 144 Idaho 225, 227, 159 P.3d 862, 864 (2007) (internal citations omitted). When deciding a motion for summary judgment, all facts are construed in the light most favorable to the non-moving party and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *Parks v. Safeco Ins. Co. of Illinois*, 160 Idaho 556, 561, 376 P.3d 760, 765 (2016). "If there is no genuine issue of material fact, only a question of law remains, over which this Court exercises free review." *Kiebert*, 144 Idaho at 227, 159 P.3d at 864. "In order to survive a motion for summary judgment, the non-moving party must make a sufficient showing to establish the existence of an element essential to that party's case on which that party will bear the burden of proof at trial." *Jones v. Starnes*, 150 Idaho 257, 259–60, 245 P.3d 1009, 1011–12 (2011) (internal quotations omitted).

### IV.
### ANALYSIS

A.      **The district court erred in determining that Smith's civil matter claims were time barred.**

Greenfield contends that the district court erred when it determined that her claims were time barred by the two year statute of limitations for professional malpractice set forth in Idaho Code section 5-219(4). Greenfield filed her complaint on December 1, 2014. Her complaint contained a host of claims, including, negligence, breach of the covenant of good faith and fair

3

dealing, breach of contract, tortious interference with prospective economic advantage, intentional infliction of emotional distress, negligent infliction of emotional distress, and fraud. Some of the claims arose out of Smith's representation in the criminal case ("criminal matter claims") and some arose out of Smith's representation in the civil case ("civil matter claims").

The district court dismissed Greenfield's fraud claim for failure to plead the cause of action with particularity. Greenfield does not challenge that ruling. The district court also held that all of Greenfield's remaining causes of action, regardless of how they were labeled (i.e., negligence, breach of contract, breach of covenant of good faith and fair dealing) were governed by the two-year statute of limitations for professional malpractice. The district court found that the latest the criminal matter claims could have accrued was October 13, 2011,—the date Greenfield was acquitted—which meant that the two-year statute of limitations had long passed. The district court held that the latest date the civil matter claims could have accrued was November 30, 2012—the date the jury returned an adverse verdict. The district court thus concluded that Greenfield's civil matter claims were a day late.

Greenfield contends that the district court's decisions were erroneous for two reasons. First, she argues that her claims are governed by a five-year statute of limitations for breach of written contract. Second, she argues that the district court miscalculated the two-year statute of limitations ran. Greenfield's argument that the district court miscalculated the filing deadline for the civil matter claims is well taken.

1. **The district court correctly determined that Greenfield's claims are governed by a two-year professional malpractice statute of limitations.**

Greenfield contends that this matter is a contract dispute, and is therefore subject to a five-year statute of limitations under Idaho Code section 5-216. We reject this argument.

The Idaho legislature has enacted a series of statutes setting forth the time periods within which certain causes of action must be filed. *See* Idaho Code sections 5-201 *et seq*. Section 5-214 provides that "[t]he periods prescribed for the commencement of actions other than for the recovery of real property are as follows." Section 5-219(4) is one of the provisions that follows and provides a two-year statute of limitations for "professional malpractice" claims:

Within two (2) years:

An action to recover damages for professional malpractice, . . . including any such action arising from breach of an implied warranty or implied covenant . . . .

4

I.C. § 5-219(4). The statute defines "professional malpractice" as "wrongful acts or omissions in the performance of professional services by any person . . . licensed to perform such services under the law of the state of Idaho." *Id.*

The Court addressed the broad scope of Section 5-219(4) in a footnote in *Lapham v. Stewart*, 137 Idaho 582, 51 P.3d 396 (2002), pointing out that a professional malpractice claim as defined by the legislature includes some claims that would traditionally sound in contract. The Court noted:

> "Professional malpractice" as used in Idaho Code § 5-219(4) is not limited to claims that are alleged as a negligence action. The statute provides that an action for professional malpractice also includes "***any such action arising from breach of an implied warranty or implied covenant***," both of which are actions for breach of contract.

137 Idaho at 588 n.4, 51 P.3d at 403 n.4 (citations omitted) (emphasis added).

The plaintiff in *Lapham* brought claims against an attorney for negligence, breach of contract, and breach of fiduciary duty. The Court explained that all of these claims arose out of the professional services performed by a licensed attorney, and were therefore subject to the two-year professional malpractice statute of limitations. The label attached to a cause of action will not necessarily take it out of the professional malpractice statute of limitations. *Bishop v. Owens*, 152 Idaho 616, 621, 272 P.3d 1247, 1252 (2012). The only time the Court has recognized a contract basis for a malpractice action is where the attorney has failed to perform an elevated standard of care expressly specified in a written agreement. *Id.* at 620, 272 P.3d at 1251.

There is no dispute that Smith is a licensed attorney. All of Greenfield's claims arise out of Smith's alleged failure to perform services in connection with his representation of her. While Greenfield argues that this is really a breach of contract action, she has not pointed to any provision in her written agreement with Smith which he breached. We have reviewed the contract, and there are no provisions which guarantee the outcome of the representation or specify an elevated standard of care because we are unable to find a particular contractual provision that has been breached, we hold that the district court correctly treated all claims as being subject to the professional malpractice two-year statute of limitations.

**2. The district court miscalculated the filing deadline for Greenfield's civil matter claims.**

Greenfield alternatively argues that her claims are timely. We agree in part. The jury returned a verdict against Greenfield in the civil case on November 30, 2012. The district court

5

found that this was the latest date that "some damage" could have occurred and that the two-year statute of limitations accrued on that date. The district court found that Greenfield's complaint had to be filed by November 30, 2014. Since the complaint was filed on December 1, 2014, the district court considered it untimely. The district court's decision was erroneous because it failed to take into account that November 30, 2014 fell on a Sunday.

A professional malpractice case with a statute of limitations question typically involves the vexing issue of when "some damage" has occurred. It is important to recognize that Greenfield does not challenge the district court's determination that "some damage" occurred in connection with the civil claim matters when the jury returned an adverse verdict on November 30, 2012. We are not addressing this issue and assume that the district court's analysis is correct.

Based on the district court's "some damage" finding, the statute of limitations would have run in this case on November 30, 2014—exactly two years from the date of the adverse verdict—except that it fell on a Sunday. The Idaho Code contains several provisions specifying how time is to be computed when construing statutes. Section 73-109 contains the well-recognized rule that the time to perform a specific act is computed by excluding the first day, and including the last unless the last is a holiday. It states:

> The time in which any act provided by law is to be done is computed by excluding the first day, and including the last unless the last is a holiday and then it is also excluded.

I.C. § 73-109. The term "holiday" as used in this provision includes every Sunday. *See* I.C. § 73-108.

November 30, 2014 was a holiday so it was excluded from the two-year statute of limitations. This means that the last day for Greenfield to file a malpractice action for the civil claim matters was December 1, 2014. Thus, her complaint was timely, and the district court erred in finding otherwise. It is important to note that our conclusion does not apply to the criminal matter claims. Greenfield did not challenge the district court's determination that the statute of limitations for the criminal matter claims started to run when she was acquitted on October 13, 2011. The district court correctly determined that the criminal matter claims were untimely.

**B.** **Greenfield failed to resist the motion for summary judgment with expert affidavits addressing the attorney's standard of care and causation.**

6

Smith argued in his motion for summary judgment that Greenfield failed to designate any expert witnesses and thus had no way to prove that Smith's conduct fell below the standard of care for an attorney or that his performance was the proximate cause of any damages. Greenfield filed a brief in opposition to the motion and her own affidavit setting forth all of the ways that she contended Smith's performance was deficient. The district court granted Smith's motion, finding that Greenfield needed to resist the motion for summary judgment with expert affidavits. Greenfield contends that she should have been able to testify regarding Smith's deficient performance and that no expert testimony was needed.

In order to establish a claim for legal malpractice the plaintiff must show: "(a) the existence of an attorney-client relationship; (b) the existence of a duty on the part of the lawyer; (c) a breach of duty by the lawyer (i.e., the lawyer's conduct fell below the standard of care); and (d) the lawyer's deficient performance proximately caused damages." *See Bishop*, 152 Idaho at 620, 272 P.3d at 1251 (citation omitted). In a legal malpractice case arising out of representation in a civil matter, the plaintiff must be able to demonstrate "some chance of success" in the underlying case. *Murray v. Farmers Ins. Co.*, 118 Idaho 224, 227, 796 P.2d 101, 104 (1990). When a defendant-attorney files a motion for summary judgment, the plaintiff ordinarily has an obligation to provide expert affidavits that explain how the lawyer's conduct fell below the standard of care and how the conduct proximately caused damages. The reason for this rule is that laypeople sitting on a jury usually do not have the knowledge or experience necessary to determine the standard of care that applies to an attorney or how the attorney's performance of that duty may or may not harm a client. *See Samuel v. Hepworth, Nungester & Lezamiz, Inc.*, 134 Idaho 84, 89, 996 P.2d 303, 308 (2000). The only recognized exception to this rule is where the attorney's alleged malpractice is so obvious that it is within the ordinary knowledge and experience of laymen, such as when an attorney allows a statute of limitations to run. *Id.*

When Smith filed his motion for summary judgment, he also filed an affidavit and report from an expert witness stating that "in [his] opinion, Mr. Smith met and exceeded the applicable standard of care in representing Ms. Greenfield in both the Criminal and Civil Cases." The report analyzed the various deficiencies alleged by Greenfield and concluded that any alleged deficiency was not the cause of the jury's adverse verdict. Greenfield did not file any expert affidavits to refute these opinions and never disclosed any expert witnesses during the course of discovery. Instead, she filed her own affidavit setting forth the ways she believed that Smith's

performance was deficient. For example, she alleged that Smith failed file a motion to compel discovery, failed to finish Rosalyn Wurmlinger's deposition, missed a deadline for disclosing Greenfield's expert, failed to file for summary judgment on the Wurmlingers' counterclaims, submitted a draft protection order to the court later than Greenfield wanted, failed to complete all discovery under the pre-trial compliance order, failed to adequately prepare for hearings, and failed to pursue motions she requested.

These alleged deficiencies are not simple matters like an attorney allowing a statute of limitations to run. Take for example, the allegation that Smith's performance was deficient because he did not file a motion for summary judgment on the neighbors' counterclaims. Who controls the decision to file a motion for summary judgment? The attorney or the client? Under what circumstances is a motion for summary judgment appropriate? Would such a motion have been appropriate in Greenfield's civil case? Did Greenfield have "some chance of success" of prevailing on such a motion? While Greenfield can certainly testify about the fact that Smith did not file a motion for summary judgment in the underlying civil case, she does not have the knowledge or expertise to answer the questions posed and neither does a jury. Greenfield needed an expert to address these types of questions in an affidavit when Smith filed his motion for summary judgment. Without expert testimony, Greenfield could not demonstrate that there were genuine issues of material fact as to whether Smith's performance fell below the standard of care or proximately caused her damages. As such, the district court properly granted summary judgment in favor of Smith.

## C. Pro se litigants are held to the same standard as those represented by an attorney.

Greenfield argues that the district court had a duty to disclose to her the effects of a motion for summary judgment and failed to do so. Greenfield cites federal authority and case law to support her assertion. However, Idaho courts have long held that: "Pro se litigants are held to the same standards and rules as those represented by an attorney." *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009) (quoting *Suitts v. Nix*, 141 Idaho 706, 709, 117 P.3d 120, 123 (2005). "Pro se litigants are not accorded any special consideration simply because they are representing themselves and are not excused from adhering to procedural rules." *Id.* (quoting *Nelson v. Nelson*, 144 Idaho 710, 718, 170 P.3d 375, 383 (2007)). Therefore, there is no merit to Greenfield's assertion that the district court had a duty to advise her of the impact of summary judgment. Further, as evidenced by the record, the reality is that Greenfield knew the effects of

summary judgment and she defended against the motion by filing briefs and affidavits. Greenfield did not lose because she did not understand the effects of summary judgment. She lost because she did not support the claim with expert testimony. The need for an expert witness testimony is an issue that is regularly played out in courts and among the most seasoned attorneys. Greenfield's assertions that the district court failed to advise her is without merit.

**D.    Greenfield's other arguments will not be addressed because there is not an adequate record.**

Greenfield argues that the district court prematurely dismissed her case prior to the close of discovery. "It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error." *Belk v. Martin*, 136 Idaho 652, 661, 39 P.3d 592, 601 (2001). The record before this Court does not contain a motion for continuance under Idaho Rule of Civil Procedure 56(f). The Register of Actions shows that such a motion was filed two weeks *after* the hearing on Smith's motion for summary judgment, but it was not included in the record. Greenfield also argues that the defense expert was disclosed late and Smith's supporting affidavits were improper. The record before this Court does not contain a motion to strike nor was such a motion made at the time of the summary judgment hearing. The Register of Actions shows that a motion to strike was filed two weeks *after* the summary judgment hearing, but it was not included in the record. These issues will not be considered for the reasons outlined above.

**E.    Smith is not entitled to attorney's fees.**

Smith has requested attorney's fees pursuant to Idaho Code section 12-121 which states. "In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties, when the judge finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation."

Although she ultimately lost her case because of a failure to provide expert testimony, Greenfield raised a legitimate issue of law concerning the statute of limitations. We do not find that Greenfield's pursuit of this case satisfies the criteria of Idaho Code section 12-121 and decline to award fees.

## V.
## CONCLUSION

We affirm the judgment in favor of Smith. Costs to Smith.

9

Chief Justice BURDICK, and Justices EISMANN, JONES and HORTON CONCUR.