**IN THE SUPREME COURT OF THE STATE OF IDAHO**
Docket No. 47952

| | | |
|---|---|---|
| ADAM WALKER | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Pocatello, September 2021 Term |
| | ) | |
| vs. | ) | Filed: November 17, 2021 |
| | ) | |
| BRENT MEYER | ) | Melanie Gagnepain, Clerk |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, Caribou County. Mitchell W. Brown, District Judge.

The district court judgment is affirmed.

Brent Meyer, Pocatello, pro se. Brent Meyer argued.

S. Criss James, Soda Springs, attorney at law, for Respondent. S. Criss James argued.

—————————————————————

BEVAN, Chief Justice.

Brent Meyer, pro se, appeals from a district court's judgment granting Adam Walker's breach of contract claim against him. Meyer argues the district court erred in concluding he was not a "construction professional" as defined by Idaho's Notice and Opportunity to Repair Act ("NORA"), Idaho Code sections 6-2501–04, and asserts the case should have been dismissed because Walker failed to comply with the notice requirement of NORA. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Adam Walker hired Brent Meyer to assist him with the demolition and remodel of a home he had purchased in Soda Springs, Idaho. Walker alleges that in June 2018, the parties entered into an agreement in which Walker agreed to pay Meyer $18,000 in exchange for Meyer's labor on the home. This contract was subsequently modified by the parties as Meyer performed work on other areas of the home not covered by the contract and Walker paid Meyer more money than provided in the original contract – roughly $60,000. On October 16, 2018, Walker fired Meyer from the job,

1

alleging the labor was not up to industry standards and did not add value to the home. Walker hired another contractor to fix or redo the work completed by Meyer and his subcontractors.

Walker then filed a complaint against Meyer asserting four causes of action: (1) breach of contract, (2) fraud, (3) quasi contract, and (4) loss of rental income and lost time. Representing himself, Meyer filed a "reply to counterclaim," on a pre-printed form, stating "Adam Walker purchased the home for less than 10k. Every allegation that has been made is false. I have the receipts, statements and pictures and video to prove otherwise. I deny all allegations."

Later, Meyer raised NORA as a defense to Walker's claims. The first assertion of this defense may have come in Meyer's discovery responses; however, other portions of the record suggest that NORA was raised for the first time at trial. Meyer never filed an amended pleading or any document formally raising NORA as a defense.

Following a bench trial, the district court entered an order requesting further briefing from each party on Meyer's assertion that NORA applied. The district court explained that NORA establishes a jurisdictional requirement regarding a "claimant" bringing "an action against a construction professional for a construction defect." Thus, the district court requested additional briefing on: (1) the application of NORA to the pending litigation; (2) the necessity, if any, of pleading compliance with NORA in the "claimants [sic] initial pleading, the Complaint"; and (3) whether any evidence is contained within the testimony or documentary evidence submitted at trial establishing compliance with NORA. Consistent with the court's order, Walker filed a supplemental brief. Meyer, however, did not file any additional briefing.

The district court then entered its findings of fact and conclusions of law. The district court reiterated its earlier holding that, although it was not properly asserted as an affirmative defense, compliance with NORA is jurisdictional. That said, the district court held that NORA was not applicable to the proceedings because Meyer was neither a person with a right to a lien under Idaho Code section 45-501 nor a duly licensed contractor in the State of Idaho; therefore, he was not a "construction professional" under NORA as required by Idaho Code section 6-2502(4). The district court held that Walker prevailed on his breach of contract claim against Meyer and entered a judgment awarding Walker $18,000. Meyer timely appealed to this Court.

## II. ISSUES ON APPEAL

**1.**      Did Meyer fail to preserve the record or issues for appeal?

2

**2.** Did the district court err by concluding that NORA does not apply because Meyer is not a "construction professional" as defined by the legislature?

**3.** Did Walker attempt to improperly influence the district court?

**4.** Is Walker entitled to attorney fees on appeal?

### III. STANDARD OF REVIEW

"Following a bench trial, this Court's review is limited to ascertaining whether the evidence supports the findings of fact, and whether the findings of fact support the conclusions of law." *Wilson v. Mocabee*, 167 Idaho 59, 64, 467 P.3d 423, 428 (2020) (quoting *Mortensen v. Berian*, 163 Idaho 47, 50, 408 P.3d 45, 48 (2017)). If the findings of fact are supported by substantial and competent evidence, this Court will not disturb them. *Kalb v. Wise*, 167 Idaho 661, 665, 475 P.3d 316, 320 (2020). This Court freely reviews conclusions of law and may draw its own conclusions from the facts presented in the record. *Eller v. Idaho State Police*, 165 Idaho 147, 153, 443 P.3d 161, 167 (2019) (citing *Johnson v. Crossett*, 163 Idaho 200, 205, 408 P.3d 1272, 1277 (2018)).

"Pro se litigants are not entitled to special consideration or leniency because they represent themselves." *Owen v. Smith*, 168 Idaho 633, 641, 485 P.3d 129, 137 (2021) (quoting *PHH Mortg. v. Nickerson*, 164 Idaho 33, 38, 423 P.3d 454, 459 (2018)). "Rather, '[p]ro se litigants must conform to the same standards and rules as litigants represented by attorneys, and this Court will address the issues accordingly.' " *Id.*

### IV. ANALYSIS

**A.    Meyer failed to provide a sufficient record to permit review.**

Meyer's appeal focuses on the district court's conclusion that NORA did not apply. Walker argues Meyer's appeal must be dismissed because no official transcript of the district court's bench trial was requested or prepared. Walker claims the lack of transcript precludes this Court's review because the issues are unsupported by cogent argument and legal authority.

"It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error." *Turcott v. Est. of Bates*, 165 Idaho 183, 188, 443 P.3d 197, 202 (2019) (quoting *Greenfield v. Smith*, 162 Idaho 246, 253, 395 P.3d 1279, 1286 (2017)). Rather, "the missing portions of that record are to be presumed to support the action of the trial court." *Rutter v. McLaughlin*, 101 Idaho 292, 293, 612 P.2d 135, 136 (1980); *see also Talbot v. Desert*

3

*View Care Ctr*., 156 Idaho 517, 520, 328 P.3d 497, 500 (2014) (where appellant did not include a transcript as part of the record on appeal, the Court will not presume error in the findings of fact.).

In *Turcott*, this Court held that, even though the appellant failed to include an official transcript of the two-day bench trial, the record was sufficient for appellate review because the district court issued a written decision. Here, as in *Turcott*, the district court issued a written memorandum decision that would ordinarily permit review of the merits. However, the key issue in this case is at what point during the litigation did Meyer raise NORA as a defense. Based on the record before us, we are unable to discern when or how Meyer raised NORA, we only know that the district court asked for briefing on it after trial. Further, without the trial transcript, we have no way to verify what evidence Meyer put on in support of the defense, the extent to which it was litigated at trial, or whether Walker had a legitimate opportunity to respond to Meyer's assertion.

Given its view of the case, i.e., that NORA was a jurisdictional requirement, the district court allowed the parties to litigate its applicability after trial before ultimately concluding that the protections afforded by NORA did not apply to Meyer, as he was not a "construction professional" as defined by the Act. Although NORA requires notice "[p]rior to commencing an action against a construction professional for a construction defect," I.C. § 6-2503, its applicability to a case must be properly pleaded as a defense at the outset of the case so that the parties can have a meaningful opportunity to litigate the issue. Thus, NORA gives contractors an affirmative defense; it does not limit the district court's jurisdiction.

Idaho Rule of Civil Procedure 8(c) provides: "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Rule 8 goes on to list nineteen affirmative defenses. Idaho's Notice and Opportunity to Repair Act is not on the list. *See id*. That said, this Court has made it clear that the list in Rule 8(c) is not intended to be exhaustive. *Kenworth Sales Co. v. Skinner Trucking, Inc*., 165 Idaho 938, 943–44, 454 P.3d 580, 585–86 (2019) (listing cases where additional affirmative defenses have been recognized[1]); *see also Garren v. Butigan*,

---

[1] In fact, this Court has recognized a host of affirmative defenses that are not listed in the rule. *See, e.g., Fuhriman v. State of Idaho, Dep't of Transp.*, 143 Idaho 800, 803, 153 P.3d 480, 483 (2007) (citing Black's Law Dictionary's definition of "affirmative defense" and holding that immunity through qualification as a statutory employer is an affirmative defense because even if all of the plaintiff's allegations were true, it would defeat the plaintiff's claim); *Seamans v. Maaco Auto Painting & Bodyworks*, 128 Idaho 747, 752, 918 P.2d 1192, 1197 (1996) (holding that in a worker's compensation case, an employee's willful intention to injure himself is an affirmative defense, in part because "[i]t seems unreasonable to believe that the legislature intended to shift to claimants the burden of proving a negative, that is, of disproving an intention to injure oneself"); *Keller Lorenz Co. v. Ins. Assocs. Corp*., 98 Idaho 678, 681, 570 P.2d 1366, 1369 (1977) (holding that, in that case, the defense of an agent's immunity from personal liability

4

95 Idaho 355, 358, 509 P.2d 340, 343 (1973) (stating that Rule 8(c)'s list of affirmative defenses "is not intended to be exhaustive or exclusive.").

Black's Law Dictionary defines an "affirmative defense" as "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." *Affirmative Defense*, BLACK'S LAW DICTIONARY (11th ed. 2019). "An averment which sets up new matter not contained in the plaintiff's complaint is an affirmative defense." *Bryan & Co. v. Kieckbusch*, 94 Idaho 116, 119, 482 P.2d 91, 94 (1971) (citing 41 Am. Jur. *Pleading* §§ 155, 156 (1942)).

Meyer's assertion that NORA applied, if true, would have defeated Walker's claim unless notice had been provided. As such, NORA is more accurately characterized as an affirmative defense than a jurisdictional bar. Treating compliance with NORA as a defense is consistent with our prior cases in this area. *See Mendenhall v. Aldous*, 146 Idaho 434, 436, 196 P.3d 352, 354 (2008) (asserting that Mendenhall failed to comply with Idaho's Notice and Opportunity to Repair Act as an affirmative defense); *Perception Const. Mgmt., Inc. v. Bell*, 151 Idaho 250, 252, 254 P.3d 1246, 1248 (2011) (considering applicability of NORA on motion for summary judgment); *Davison v. Debest Plumbing, Inc.*, 163 Idaho 571, 575, 416 P.3d 943, 947 (2018) (litigating the applicability of NORA after complaint had been filed by filing "Motion to Confirm Implementation of the Provisions of the Notice and Opportunity to Repair Act Apply to Pending Lawsuit.").

"In determining whether an affirmative defense has been waived, we have held that 'a party does not waive an affirmative defense for failing to raise it in the initial answer, so long as it is raised before trial and the opposing party has time to respond in briefing and oral argument.' " *Krinitt v. Idaho Dep't of Fish & Game*, 162 Idaho 425, 429–30, 398 P.3d 158, 162–63 (2017) (quoting *Patterson v. State, Dep't of Health & Welfare*, 151 Idaho 310, 316, 256 P.3d 718, 724 (2011)); *see also Dep't of Env't Quality v. Gibson*, 166 Idaho 424, 461 P.3d 706, 721 (2020) (citing

on contracts entered into as an agent was an affirmative defense because it "depends upon proof of matters unrelated to the allegations in the complaint, matters which the plaintiff may not anticipate or be prepared to litigate without warning"); *Williams v. Paxton*, 98 Idaho 155, 164 n.1, 559 P.2d 1123, 1132 n.1 (1976) (declining to hold that the issue of the constitutionality of a statute was waived because the constitutionality of a statute is "not ordinarily an issue upon which evidence must be presented at trial" or "about which [the plaintiff] must be forewarned in order to prepare evidence for trial"); *Bryan & Co. v. Kieckbusch*, 94 Idaho 116, 119, 482 P.2d 91, 94 (1971) (holding that impossibility of performance was an affirmative defense because it "raised new matter not alluded to in the complaint"). The list contained here is merely illustrative.

*Fuhriman v. State, Dep't of Transp.*, 143 Idaho 800, 804, 153 P.3d 480, 484 (2007)) (permitting an affirmative defense to be raised for the first time at summary judgment, explaining "the issue then becomes whether the defense was raised before trial and whether the defendant was given time to argue in opposition to the defense.").

Based on the record, we are unable to determine when Meyer first raised NORA as a defense, and without a transcript of the bench trial, do not know what evidence was submitted at trial to support his claim that NORA applied. The district court ultimately concluded that NORA did not apply to Meyer's claims because he was not a construction professional. We affirm that decision, but on the basis that because NORA is an affirmative defense, based on the record before us, we are unable to determine whether the defense was affirmatively raised before trial, and, therefore, hold that Meyer waived that issue.

**B.      Meyer waived his argument that Walker attempted to influence the district court.**

Meyer also claims that Walker attempted to intimidate the court when he wrote in briefing to the district court: "[I]t appears that the Court in the above entitle[d] matter is attempting to file an untimely Motion for Summary Judgment and/or a Motion to dismiss on behalf of the Defendant. Such an action by the Court is improper as the Court is the trier of fact. The Court should not be an advocate for either party." This language comes from Walker's post-trial brief, filed in response to the district court's request for additional briefing on Meyer's claim that NORA applied. On appeal, Meyer asserts the statement may have improperly influenced the district court to not dismiss the case. Although Walker vociferously disagreed with the trial court, such language cannot be read as an attempt to intimidate. Indeed, in our experience Idaho trial judges are made of sterner stuff than that.

Moreover, even though Meyer explicitly listed the alleged impropriety as an issue on appeal, it is not supported by any cogent argument or authority, thus, we will not consider it on appeal. *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010); *see also Inama v. Boise County ex rel. Bd. of Comm'rs*, 138 Idaho 324, 330, 63 P.3d 450, 456 (2003) (refusing to address a constitutional takings issue when the issue was not supported by legal authority and was only mentioned in passing).

**C.      We award Walker attorney fees on appeal.**

6

Walker requests attorney fees under Idaho Code section 12-121, arguing Meyer frivolously appealed this suit. Walker claims that because Meyer failed to provide a sufficient record on appeal, the appeal is unreasonable, without foundation, and frivolously pursued.

Although Meyer's arguments were not completely meritless, he failed to support his contentions with a record that would permit review of those merits on appeal. We are mindful of the challenges pro se litigants face on appeal, indeed, even the most seasoned attorneys have difficulty navigating the appellate process at times. That said, "[p]ro se litigants are not entitled to special consideration or leniency because they represent themselves." *Owen*, 168 Idaho at 641, 485 P.3d at 137. "Rather, '[p]ro se litigants must conform to the same standards and rules as litigants represented by attorneys, and this Court will address the issues accordingly.' " *Id.* Where briefing in the case is inadequate and where an adequate record is not provided, the appeal has been pursued in a manner that is frivolous and without foundation. *Rencher/Sundown LLC v. Pearson*, 165 Idaho 877, 882, 454 P.3d 519, 524 (2019) (awarding the Respondent attorney fees because the Appellant failed to provide documentation to support its contention that the district court erred). Based on the inadequate record and lack of support for Meyer's positions, we award Walker attorney fees on appeal under section 12-121.

## V. CONCLUSION

The district court judgment is affirmed. Costs and attorney fees are awarded to Walker as the prevailing party on appeal.

JUSTICES BRODY, STEGNER, MOELLER and ZAHN, CONCUR.