# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 48654

GROVELAND WATER and SEWER, )
DISTRICT (GWSD), governmental )
Subdivision of the State of Idaho )
      )
      )    **Boise, January 2022 Term**
   **Plaintiff-Respondent,** )
      )    **Opinion Filed: March 3, 2022**
v. )
      )    **Melanie Gagnepain, Clerk**
**CITY OF BLACKFOOT, a municipal,** )
**Corporation** )
      )
   **Defendant-Appellant.** )
_____ )

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bingham County. Darren B. Simpson, District Judge.

The decisions of the district court are <u>affirmed.</u>

Garrett H. Sandow, Blackfoot, attorney for Appellant. Garrett H. Sandow argued.

Manwaring Law Office, PA, Idaho Falls, for Respondent. Kipp L. Manwaring argued.

_____

BEVAN, Chief Justice.

This case arises from a dispute over provisions in a written contract for sewer drainage and treatment services between Groveland Water and Sewer District ("GWSD") and the City of Blackfoot ("the City"). The dispute arose when individuals living outside city limits, or entities located outside city limits, but within GWSD, were required to sign a "consent to annex" form in order for the City to agree to connect them to sewer services. The dispute ultimately made its way to district court, where GWSD alleged that the City's requirement violated GWSD's jurisdictional sovereignty under Idaho Code section 42-3212. GWSD's complaint against the City sought: (1) a declaratory judgment, (2) a finding of anticipatory breach of contract; and (3) injunctive relief. On

1

motions from the parties, the district court granted GWSD's request for preliminary injunction and for partial summary judgment on the anticipatory breach claim. After further motions, the district court granted summary judgment to GWSD on the remaining claims. The City appeals. For the reasons below, we affirm the district court's decisions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

GWSD is an autonomous governmental entity that owns sewer lines, pumps, lift stations, and connected sewer systems for serving public sewer needs within its territorial district, including area contiguous to its district and lying outside the Blackfoot City limits. GWSD operates as a governmental subdivision of the State of Idaho under Idaho Code, Title 42, Chapter 32, located within Bingham County. The City of Blackfoot is a municipal corporation also located within Bingham County.

GWSD's sewer system is connected to a wastewater treatment plant ("the plant") jointly owned by GWSD and the City. In February 2012, GWSD and the City entered into a written agreement ("the contract") for sewer services. Under Section I.1.A of the contract, the City agreed to process and treat all raw sewage collected and transmitted through GWSD's system to the plant. Under Section II.5 of that agreement, GWSD and the City agreed that GWSD would prepare a pre-connection request form (called Addendum B) to notify "both the City and the district, in advance, of any new proposed connections to the systems." Addendum B also addressed "current fees, collection, and payment of fees." The contract required that a copy of Addendum B be approved and signed in triplicate by both GWSD and the City before any permits or contracts were issued for connections that would use any part of GWSD's systems.

From February 2012 through April 2019, the City never stated or demanded that a petition for annexation to the City would be required for it to sign the Addendum B Form. Under the contract, GWSD and the City had to meet each year "prior to the 15th day of April" to "discuss fees, number of patrons and any business relating to the working relationship between [GWSD] and the City." As a result, according to GWSD, the parties met in April 2019 and agreed to update Addendum B, but the City never brought up its intent to require applicants for sewer services in GWSD to execute a petition for annexation to the City.

A follow up meeting took place in May 2019 where Addendum B was discussed in detail, resulting in the parties finalizing amendments to the Addendum B form. The amended Addendum

B contained no reference to consent to annexation being required as a condition for approval by the City.

In May 2019, a developer for Wildflower Meadows subdivision applied for sewer services through GWSD. The developer completed Addendum B and took the form to the City for approval. The City, however, refused to sign the form. Instead, the City presented the developer with a petition for annexation and told the developer that the petition had to be signed as a precondition to the City approving the application for connection of sewer services in GWSD. When GWSD contacted the City to ask about this condition, the City claimed the consent form was always a requirement for connections to City services but explained that the City had never demanded enforcement in the past.

GWSD immediately gave notice to the City that it had breached the terms of the contract and requested the City cease its demand for a petition of annexation as part of its approval for hookups to GWSD's sewer system. The City responded in a letter, suggesting the consent forms were "commonly used by cities throughout Idaho, and other states[,]" and that such a form was "required by City Code." The City also relied on a portion of the contract in support of its newly required annexation form.

After this exchange, both the Snake River School District and County Haven Homeowners Association applied for services with GWSD, but when these organizations presented Addendum B to the City, both were also informed that signed petitions for annexation were required as a precondition to approving the connections.

Because of the ongoing conflict, GWSD filed for pre-litigation mediation pursuant to the contract. The mediation proved unsuccessful. GWSD then filed a complaint seeking: (1) a declaratory judgment declaring the 2019 version of Addendum B as the only approval form required to connect and receive sewer services; (2) a finding of anticipatory breach of contract by the City; and (3) injunctive relief preventing the City from requiring a petition for annexation as part of its contractual approval of connections to GWSD's sewer system. The City brought a motion to dismiss on the basis that GWSD lacked standing to pursue its claims and GWSD responded with a motion for a preliminary injunction. There is a transcript of the hearing that took place on both motions in November 2019. During that hearing the district court noted that because of "the subsequent pleadings [and] . . . affidavits filed," the court would "convert [the motion to

dismiss] to a summary judgment hearing." The district court asked both counsel for the City and for GWSD if they had any disagreement with proceeding in the matter and both consented.

The district court first granted GWSD's request for a preliminary injunction, along with granting partial summary judgment for GWSD on its anticipatory breach of contract claim. The City then moved for reconsideration, which the district court denied. GWSD then moved for summary judgment on its remaining claim for damages on the anticipatory breach claim. According to the district court's opinion granting summary judgment to GWSD, there was a motion to strike made by the City. The district court granted the City's motion to strike in part and granted summary judgment on GWSD's damage claim. The district court entered judgment: (1) that the requirement by the City that potential patrons of GWSD execute a petition for annexation violates Idaho Code section 42-3212; (2) awarding nominal damages of $1.00 to GWSD; and (3) granting a permanent injunction to GWSD, finding that "[t]he City is barred from requiring a petition for annexation to be signed by potential patrons of GWSD as part of its contractual approval of connections to GWSD's sewer system." The City timely appeals.

## II. STANDARDS OF REVIEW

"[J]usticiability doctrines implicate jurisdiction." *Tucker v. State*, 162 Idaho 11, 18, 394 P.3d 54, 61 (2017). "Jurisdictional issues, like standing, are questions of law, over which this Court exercises free review." *In re Jerome Cty. Bd. of Comm'rs*, 153 Idaho 298, 308, 281 P.3d 1076, 1086 (2012).

"When this Court reviews a district court's decision on summary judgment, it employs the same standard as that properly employed by the trial court when originally ruling on the motion." *Greenfield v. Smith*, 162 Idaho 246, 249, 395 P.3d 1279, 1282 (2017). "The court must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." I.R.C.P. 56(a). "The facts must be liberally construed in favor of the non-moving party." *Tiller White, LLC v. Canyon Outdoor Media, LLC*, 160 Idaho 417, 419, 374 P.3d 580, 582 (2016) (internal quotations omitted). If no genuine issue of material fact exists, and only questions of law remain, this Court exercises free review over such questions. *See Spencer v. Jameson*, 147 Idaho 497, 501, 211 P.3d 106, 110 (2009).

"This Court reviews the trial court's decision to grant or deny a preliminary injunction for a manifest abuse of discretion." *Gunter v. Murphy's Lounge, LLC*, 141 Idaho 16, 23 105 P.3d 676, 683 (2005). Under this standard, the relevant inquiry is "[w]hether the trial court: (1) correctly

4

perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

### III. ANALYSIS

The City raised eight issues on appeal, alleging the district court erred in ruling on the City's motion to dismiss and GWSD's motion for summary judgment. However, the City failed to include in the record on appeal any of the parties' filings which formed the basis for the district court's decisions. At the outset we note, not just to benefit the City as the appellant here, but importantly for all who practice before this Court, the party appealing any decision to this Court has the imperative duty to provide the Court with a complete record necessary to perform its undertaking. This Court is, after all, a reviewing Court, and that review is confined to the record before us. *Taylor v. Taylor*, 163 Idaho 910, 920, 422 P.3d 1116, 1126 (2018) (quoting *State v. Flint*, 114 Idaho 806, 809, 761 P.2d 1158, 1161 (1988) ("[w]e are restricted to the record before us and may not consider matters outside the record.").

Appellate Rule 28 directs the production of a *basic* record for all appeals, but motions, memoranda, affidavits, or declarations are not automatically included. If such documents are necessary to show that a trial court erred or abused its discretion, it is incumbent on the party seeking to establish such claims to substantiate them with a sufficient record to permit the Court to examine them. The standard record identified in I.A.R. 28(b) is limited in scope. As we recognized in *Med. Recovery Servs., LLC v. Eddins*, counsel are required to go beyond requesting a standard record if they desire motions, briefs or affidavits be available to the Court on appeal:

> Conspicuously absent from the documents included in the Standard Record are any motions, briefs or other similar papers. . . It is incumbent upon appellate counsel to ensure that any such documents are included in the record by either (1) moving to add documents to the record within 28 days of the date of service of the record, I.A.R. 29(a), or by (2) moving to augment the clerk's or agency's record pursuant to Idaho Appellate Rule 30(a). It is well established that the appellant has the obligation to provide a sufficient record to substantiate his or her claims on appeal.

169 Idaho 236, 241 n.1, 494 P.3d 784, 789 n.1 (2021).

The days of simply restating rote, conclusory phrases such as "the court erred," or "the court abused its discretion," without citations to the record or transcript and the appropriate law are long past. *See Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010) ("Where an

appellant fails to assert his assignments of error with particularity and to support his position with sufficient authority, those assignments of error are too indefinite to be heard by the Court."). These shortfalls are not new. *See Randall v. Ganz*, 96 Idaho 785, 788, 537 P.2d 65, 68 (1975) (stating 47 years ago that appellate arguments made without adequate specificity are "too indefinite for consideration by this Court."). Yet these deficiencies continue to appear before us with alarming regularity. *See*, *e.g.*, *Walker v. Meyer*, No. 47952, 2021 WL 5349205, at *2 (Idaho Nov. 17, 2021); *Eddins*, 169 Idaho at 241 n.1, 494 P.3d at 789 n.1; *Turcott v. Est. of Bates*, 165 Idaho 183, 188, 443 P.3d 197, 202 (2019) ("It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal."); *Greenfield v. Smith*, 162 Idaho 246, 253, 395 P.3d 1279, 1286 (2017).

The purpose for our restating these principles with directness at the outset of this opinion is that this issue once again rears its head in the case before us. It appears, had we been provided an adequate record, the appealing party may have some legitimate points to make—but that is mere supposition—since we don't know what was argued in the relevant motions, and we don't know what was established as fact in the affidavits upon which the district court relied. These documents are not currently before us, and no effort was made to timely augment the record to provide them. It is simply not the proper role of an appellate court to create a record for the parties and then search through it ourselves, attempting to identify the critical information necessary to make the case for a litigant. *Bach*, 148 Idaho at 790, 229 P.3d at 1152.

In filing its notice of appeal, the City made a pro forma request for "all documents to be included in the clerk's record as set forth under Rule 28, I.A.R." As we have set forth above, the *basic* record in this case is insufficient to support the issues raised in the City's appeal. As alluded to above, there is a safety valve created for times when the record, as filed by the county clerk, is incomplete or inadequate. Once the City's opening brief (there was no reply brief) was under way, knowing that citations to the record are required to make any argument, I.A.R. 35(a)(6), the City had the opportunity to move to augment the record under Appellate Rule 30(a). This was simply not done. Having failed to take this fundamental step, we are left to issue an opinion on the scant record before us. "It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error." *Greenfield v. Smith*, 162 Idaho at 253, 395 P.3d at 1286 (quoting *Belk v. Martin*, 136 Idaho 652, 661, 39 P.3d 592, 601 (2001)). Rather, "the

6

missing portions of that record are to be presumed to support the action of the trial court." *Rencher/Sundown LLC v. Pearson*, 165 Idaho 877, 881, 454 P.3d 519, 523 (2019) (internal quotation omitted).

## A.    GWSD had standing to bring its complaint.

While the record is inadequate to reach the merits of the City's appeal, we can analyze the question of standing on the record before us. We hold that GWSD had standing to bring its complaint below.

Concepts of justiciability, including standing, identify appropriate or suitable cases for adjudication by a court. *Miles v. Idaho Power Co.,* 116 Idaho 635, 639, 778 P.2d 757, 761 (1989). "The doctrine of standing focuses on the party seeking relief and not on the issues the party wishes to have adjudicated." *Id*. at 641, 778 P.2d at 763. "To satisfy the requirement of standing litigants must allege an injury in fact, a fairly traceable causal connection between the claimed injury and the challenged conduct, and a substantial likelihood that the judicial relief requested will prevent or redress the claimed injury." *Knox v. State ex rel. Otter*, 148 Idaho 324, 336, 223 P.3d 266, 278 (2009). An injury sufficient to satisfy the requirement of an injury in fact "must be 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (internal quotations omitted).

The Declaratory Judgment Act grants authority to a court to render declaratory judgments. *Schneider v. Howe*, 142 Idaho 767, 772, 133 P.3d 1232, 1237 (2006). The Act "does not relieve a party from showing that it has standing to bring the action in the first instance." *Selkirk–Priest Basin Assoc., Inc. v. State ex rel. Batt*, 128 Idaho 831, 834, 919 P.2d 1032, 1035 (1996). "It is a fundamental tenet of American jurisprudence that a person wishing to invoke a court's jurisdiction must have standing." *Van Valkenburgh v. Citizens for Term Limits*, 135 Idaho 121, 125, 15 P.3d 1129, 1132 (2000). "The doctrine of standing focuses on the party seeking relief and not on the issues the party wishes to have adjudicated." *Miles*, 116 Idaho at 641, 778 P.2d at 763. To satisfy standing, a party must "allege or demonstrate an injury in fact and a substantial likelihood that the judicial relief requested will prevent or redress the claimed injury." *Id*. Standing may be predicated upon a threatened harm as well as a past injury. *Harris*, 106 Idaho at 516, 681 P.2d at 991.

The City suggests that GWSD failed to show how it was injured by the City using the consent to annex form beyond a speculative claim that GWSD would breach its agreements with third parties if consent were required. The City also claims that no lawsuits were brought against

GWSD nor were any threatened, and as such, GWSD has no tangible injury. GWSD responds that it has standing because it concerns the substance of the contract between itself and the City. GWSD also contends that the lack of an actual or threatened lawsuit does not mean GWSD lacked standing.

Below, the district court found that GWSD had standing to bring its declaratory judgment claim by virtue of its status as a party to the agreement. The district court also found that GWSD has standing to sue under the express terms of the contract, which provides: "If the defaulting party fails to cure the breach, the non-defaulting party shall be entitled to file an action for declaratory judgment and or breach of contract. . . ." We agree with the district court in both particulars.

"A party need only show either privity or third-party beneficiary status to have standing to sue on a breach of contract." *Campbell v. Parkway Surgery Ctr., LLC*, 158 Idaho 957, 963, 354 P.3d 1172, 1178 (2015). "Privity is established by proving that the defendant was a party to an enforceable contract with either the plaintiff or a party who assigned its cause of action to the plaintiff." *Id*. (quoting *OAIC Commercial Assets, L.L.C. v. Stonegate Vill., L.P.*, 234 S.W.3d 726, 738 (Tex.App.2007)). To suggest GWSD lacks standing to sue when it is a party to the agreement between GWSD and the City would require that we disregard these principles of contract law.

We likewise conclude that GWSD has standing to bring its anticipatory breach and injunctive relief claims as a party to the contract. Because the City was a party to the contract in which GWSD alleges the City refused to approve connections with Wildflower Meadows subdivision, Snake River School District, and Country Haven HOA, GWSD has standing to sue the City for anticipatory breach and injunctive relief.

For these reasons, we hold GWSD has standing to bring its complaint.

## B.  GWSD is awarded attorney fees and costs on appeal.

The City requests an award of costs and attorney fees on remand with no supporting argument or citation to legal authority. The City is not the prevailing party on appeal and has no right to attorney fees. GWSD requests an award of costs under I.A.R. 40. It also seeks an award of attorney fees under I.A.R. 41, based on the terms of the contract.

GWSD is entitled to attorney fees and costs on appeal on two bases. First, attorney fees are awardable under the contract between the parties. It provides that "in the event legal action is required, the prevailing party shall be awarded all costs, including . . . all reasonable attorney fees." When a contract provides for the prevailing party to be awarded reasonable attorney fees, such a

8

clause will be enforced on appeal, as well as in the trial court. *Silver Creek Seed, LLC v. Sunrain Varieties, LLC*, 161 Idaho 270, 281, 385 P.3d 448, 459 (2016). Second, attorney fees are awarded under statute, Idaho Code section 12-121. As noted above, the City's briefing here was inadequate, and it pursued this appeal in a manner that was unreasonable and without foundation. The City failed to provide an adequate record, it provided little cogent legal argument and authority to this Court, and there was no proper citation to the record, limited as it was.

## IV. CONCLUSION

The district court judgment is affirmed. Costs and attorney fees are awarded to GWSD as the prevailing party on appeal.

Justices BRODY, STEGNER, MOELLER, and ZAHN CONCUR.