## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 49196

GREGORY P. LOWELL, )
)
    Claimant-Appellant, )    Boise, May 2023 Term
)
v. )    Opinion filed: August 3, 2023
)
HUMAN DYNAMICS AND DIAGNOSTICS, )    Melanie Gagnepain, Clerk
PLLC, Employer; IDAHO DEPARTMENT )
OF LABOR, )
)
    Defendants-Respondents. )
)

Appeal from the Idaho Industrial Commission.

The decision of the Idaho Industrial Commission is <u>affirmed</u>.

Gregory P. Lowell, Salmon, Claimant-Appellant Pro Se.

Raúl R. Labrador, Idaho Attorney General, Boise, for Defendant-Respondent Idaho Department of Labor.

_____

ZAHN, Justice.

Gregory Lowell appeals the Idaho Industrial Commission's decision affirming the Idaho Department of Labor's determination that Lowell was ineligible for unemployment benefits because he had been discharged for employee-related misconduct. We affirm the Industrial Commission's decision because Lowell has failed to provide a sufficient record or sufficient argument and authority to support his claims.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Lowell worked as a community-based support person for "Adi's Voice DDA," which is a division of Human Dynamics and Diagnostics, PLLC ("HDD"), from June 15, 2020, to January 6, 2021, before being discharged. On September 14, 2020, Lowell's supervisor gave him a written "employee action" for an incident in which the police were called because Lowell left his client alone in the park while Lowell looked for Wi-Fi so the client could play computer games on a

1

cellular device. The document advised Lowell that he needed to deliver client services one-on-one and if he needed to leave the client, he must ensure another staff member was watching the client or that Lowell needed to take the client with him. It also advised Lowell that if he needed to leave the client for more than seven minutes, he could not bill for that time.

In early October 2020, Lowell's supervisor texted him to advise that he could not seek reimbursement from HDD for time transporting a client to and from school in Lowell's personal vehicle because he and the client were approved to take the school bus. Lowell responded to the text message by expressing his anger that he was not allowed to charge for the time and accusing an HDD employee of being too lazy or uncaring to compensate him.

On November 18, 2020, HDD placed Lowell on a corrective Employee Action Plan ("Action Plan"). Lowell signed the document, which included the following directions to Lowell:

1. [Lowell] will bill accurate hours per Medicaid reimbursable service when with clients or students that does not include transportation to school.

2. Notes will be turned in on time before Monday at 9 AM weekly. Notes and data tracking will not affect the service provided to the client or student.

3. [Lowell] will use professional communication that is solution focused with all team members.

4. A violation of any of these terms without proper approval will result in termination.

On January 5, 2021, Lowell's supervisor sent a group text to HDD employees to remind them about an upcoming mandatory training meeting. Lowell responded and expressed frustration that he would have to cancel an appointment with a client to attend the meeting and accused HDD management of not putting the needs of its clients first. A coworker responded, stating that the employees were given advance notice of the date and time of the meeting, so they did not schedule appointments during the training time. A second coworker "liked" the first coworker's text. Lowell subsequently stated, "[w]ho liked my admonishment for expressing a high degree of support for children's need. [sic] what do you know of my schedule. Love to have a conversation in reply to your arrogant rudeness." Lowell's supervisor interjected, reminding Lowell that the group chat was a professional group conversation and that Lowell's personal views needed to go directly to human resources or the supervisor. The conversation escalated and Lowell sent several long messages disparaging his co-workers:

[I]f this is supposed to be a professional gg [sic] And a professional group conversation would not include ignorant or nasty comments like [phone number]

2

saying she thinks I am wrong for keeping my commitments and integrity. She is the one that deserves to be chastised for personally attacking me. That rudeness inspired my comments. Tell me just who decided to attack me. Supply your name and we will discuss professionalism. Or crawl back to your basement.

The coworker who "liked" the comment wrote,

I agreed with Maddie's comment about the importance of scheduling, but made no comment. I don't think that warrants threats or personal attacks. Also, this is Sarah, for anyone who doesn't have my number. I will be at the office at 8 am for the training Friday, see everyone there! And thank you Amy for offering to go to the bakery, that was thoughtful.

Lowell responded,

Shame on you Sarah for your. [sic] personal attack on me for no reason but nastiness. There were no threats by me I said I wanted to discuss this with you Another.lie [sic] and false accusation by you. And the only personal attack was by you. It was.ugly [sic] rude and ignorant and without provocation. Try minding your own business and stay far away from mine.

The next day, January 6, 2021, Lowell's employment was terminated for sending unprofessional text messages to staff members. Lowell subsequently applied for unemployment benefits with the Idaho Department of Labor ("Department"). The Department initially determined he was eligible for benefits because he had not been terminated for misconduct. HDD appealed the Department's decision.

The Department's Appeals Examiner held a hearing on the matter. Lowell, his supervisor, and HDD's personnel manager testified at the hearing. The Appeals Examiner reversed the initial determination and concluded that Lowell was ineligible for benefits because he was discharged for misconduct as defined by the Idaho Employment Security Law.

Lowell appealed the decision to the Idaho Industrial Commission ("Commission"), arguing that the hearing was unfair because the Appeals Examiner was biased and unfairly excluded his witness from testifying. The Commission dismissed the appeal as untimely. Lowell filed a request for reconsideration of the dismissal, arguing that he had timely applied for a re-hearing. The Commission granted Lowell's request for reconsideration and agreed to hear the appeal.

After conducting a de novo review of the agency record, the Commission affirmed the decision of the Appeals Examiner and found that Lowell had been discharged for misconduct related to his employment. The Commission determined that Lowell had been provided with due process because nothing in the record demonstrated that the Appeals Examiner was biased against Lowell. Further, the Commission agreed with the Appeals Examiner's determination that the

testimony from Lowell's proffered witness was irrelevant to the matter. Lowell timely appealed to this Court.

## II. STANDARD OF REVIEW

"This Court exercises free review over questions of law when we review Industrial Commission decisions." *Talbot v. Desert View Care Ctr.*, 156 Idaho 517, 520, 328 P.3d 497, 500 (2014) (citation omitted). "We only disturb the Commission's findings of fact if those findings are clearly erroneous, which means they are not supported by substantial and competent evidence." *Id.* (citation omitted). "Substantial and competent evidence is relevant evidence that a reasonable mind might accept to support a conclusion." *Bell v. Idaho Dep't of Lab.*, 157 Idaho 744, 746, 339 P.3d 1148, 1150 (2014) (quoting *Uhl v. Ballard Med. Prods., Inc.*, 138 Idaho 653, 657, 67 P.3d 1265, 1269 (2003)). "[T]his Court does not re-weigh the evidence or consider whether it would have reached a different conclusion from the evidence presented." *Id.* (alteration in original) (quoting *Hughen v. Highland Ests.*, 137 Idaho 349, 351, 48 P.3d 1238, 1240 (2002)).

## III. ANALYSIS

The Department initially argues that Lowell's appeal should be denied because Lowell failed to comply with Idaho Appellate Rule ("I.A.R.") 35(a) in that he had failed to support his appeal with argument and citations to the record and with legal authority supporting his positions. The Department argues that Lowell has not provided this Court with any legal issues to review on appeal and, therefore, the appeal should be dismissed. Notably, this Court rejected Lowell's Reply Brief because it had not been signed, failed to comply with Rule 35, and had not been timely filed. As a result, we have no response from Lowell concerning the Department's arguments.

"At its core, 'an appeal is a formalized analysis of alleged legal error.'" *Dorr v. Idaho Dep't of Lab.*, 171 Idaho 306, 309, 520 P.3d 1266, 1269 (2022) (quoting *Est. of Ekic v. Geico Indem. Co.*, 163 Idaho 895, 897, 422 P.3d 1101, 1103 (2018)). For this reason, Rule 35(a)(6) requires an appellant's argument to "contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." An "appellant's failure to comply with Rule 35(a)(6) results in a forfeiture of the alleged error." *Dorr*, 171 Idaho at 309, 520 P.3d at 1269. "Pro se litigants are not accorded any special consideration simply because they are representing themselves and are not excused from adhering to procedural rules." *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009) (quoting *Nelson v. Nelson*, 144 Idaho 710, 718, 170 P.3d 375, 383 (2007)).

Lowell is representing himself on appeal and generally argues that the Appeals Examiner was prejudiced against him and erred by not allowing him to present a witness. Additionally, Lowell asserts that HDD fabricated the reasons for firing him. That said, Lowell's brief does not contain any citations to the record, case law, or statutes to support his arguments. For this reason, Lowell has forfeited any assignment of error for failing to present argument or authority supporting his contentions. I.A.R. 35(a)(6); *Dorr*, 171 Idaho at 309, 520 P.3d at 1269.

Further, Lowell has failed to include transcripts or a recording of his hearing before the Appeals Examiner in the record on appeal. "It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error." *Walker v. Meyer*, 170 Idaho 408, 410, 511 P.3d 828, 830 (2021) (quoting *Turcott v. Est. of Bates*, 165 Idaho 183, 188, 443 P.3d 197, 202 (2019)). This Court will not presume error in the Commission's findings of fact when an appellant fails to "provide any record of the IDOL hearing[.]" *Talbot*, 156 Idaho at 520, 328 P.3d at 500.

Lowell has forfeited any assignment of error by failing to comply with Rule 35(a)(6) and failing to provide the hearing transcripts in the record on appeal. Accordingly, we will not presume error in the Commission's decision. The Commission's decision is affirmed.

### IV.     CONCLUSION

We affirm the Idaho Industrial Commission's decision upholding the Appeal Examiner's denial of unemployment benefits.

Chief Justice BEVAN, and Justices BRODY, STEGNER, and MOELLER CONCUR.