**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTINA J. GREENFIELD, | No. 14-35394 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00437-CWD |
| v. | |
| CITY OF POST FALLS MUNICIPALITY; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Candy W. Dale, Magistrate Judge, Presiding[**]

Submitted April 13, 2016[***]

Before:     FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Christina J. Greenfield appeals pro se from the district court's judgment

dismissing her 42 U.S.C. § 1983 action alleging federal and state law claims

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

arising out of a zoning and boundary dispute. We review de novo a dismissal under Fed. R. Civ. P. 12(c). *Fleming v. Pickard,* 581 F.3d 922, 925 (9th Cir. 2009). We affirm.

The district court properly dismissed Greenfield's Fourteenth Amendment equal protection claim because it is barred by the applicable two-year statute of limitations. *See Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999) (state law governs the statute of limitations period for § 1983 suits); *Hallstrom v. Garden City*, 991 F.2d 1473, 1476 (9th Cir. 1993) (applying the two-year statute of limitations in Idaho Code § 5-219(4) to claims brought under § 1983).

The district court properly dismissed Greenfield's state law claims arising out of her acquittal because Greenfield did not timely file a notice of claim in accordance with Idaho's Tort Claims Act. *See McQuillen v. City of Ammon*, 747 P.2d 741, 744 (Idaho 1987) ("Compliance with the Idaho Tort Claims Act's notice requirement is a mandatory condition precedent to bringing suit, the failure of which is fatal to a claim, no matter how legitimate.").

Because Greenfield has provided no Idaho authority supporting the existence of statutory or direct causes of action based on violations of the Idaho Constitution, dismissal of her state law claims for alleged violations of the Idaho Constitution was proper.

14-35394

The district court did not abuse its discretion in denying Greenfield leave to amend her complaint because amendment would be futile. *See Platt Elec. Supply, Inc v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008) (setting forth the standard of review); *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997) (no abuse of discretion where potential amended claim would still be barred by the statute of limitations).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Appellees' request for attorney's fees under Idaho Code § 6-918A, set forth in the answering brief, is denied.

**AFFIRMED.**

14-35394