# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 49851

In Re: Christina Greenfield, A Vexatious Litigant, Pursuant to ICAR 59. )
)
)
--------------------------------------------------------- )
)
CHRISTINA GREENFIELD, )
)
   Plaintiff-Appellant, )
)
v. )
)
CYNTHIA K.C. MEYER, Administrative District Court Judge, First Judicial District, )
)
   Real Party in Interest - Respondent, )
)
and )
)
PAUL MENETREY and JAIMIE MENETREY, Husband and Wife; ZACHARY FROELICH, an individual, dba CDA REAL ESTATE INVESTMENT AND PROPERTY MANAGEMENT, LLC; JONATHAN FRANTZ, an individual; ANDREA HUNTER, an individual, dba POST FALLS LAW, an Idaho professional corporation, )
)
   Defendants. )

Coeur d'Alene, September 2024 Term

Opinion filed: December 5, 2024

Melanie Gagnepain, Clerk

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Cynthia K.C. Meyer, District Judge.

The district court's Amended Prefiling Order designating Christina Greenfield as a vexatious litigant is <u>affirmed</u>.

Christina June Greenfield, Post Falls, Appellant pro se, submitted arguments on the briefs.

Ferguson Durham PLLC, Boise, for Respondent. Craig H. Durham and Deborah A. Ferguson submitted arguments on the briefs.

---

MOELLER, Justice.

Christina Greenfield appeals from the order of then Administrative District Judge Cynthia K.C. Meyer ("the ADJ") designating her as a vexatious litigant under Idaho Court Administrative Rule 59(d). The order prohibits Greenfield from filing any new pro se litigation in the State of Idaho without first obtaining leave of the court where the litigation is proposed to be filed.

Greenfield, acting pro se, filed a civil suit for damages in Kootenai County, arising out of the judicially decreed sale of her home and her eviction from the premises. The complaint named Paul and Jaime Menetrey, Zachary Froelich, and attorneys Jonathan Frantz[1] and Andrea Hunter as defendants (collectively, "the Defendants"). In the course of that lawsuit, the Defendants filed a motion to designate Greenfield as a vexatious litigant. The motion was ultimately granted and the ADJ issued an order designating Greenfield a vexatious litigant. Greenfield appealed the order to this Court as a matter of right.

For the reasons stated below, we affirm the ADJ's decision designating Greenfield as a vexatious litigant.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

In 2010, Greenfield sued her neighbors, the Wurmlingers, claiming they violated the neighborhood's covenants, conditions, and restrictions (CC&Rs) by operating a bed and breakfast from their residence and by allowing their arborvitae to grow too tall. They also alleged that the violations supported a nuisance claim. The Wurmlingers counter-sued Greenfield for common law trespass, timber trespass, and intentional infliction of emotional distress arising from Greenfield's trimming of the arborvitae without permission. At the commencement of the lawsuit, Greenfield was represented by attorney Ian Smith; however, Mr. Smith later withdrew from the case and Greenfield represented herself pro se at the jury trial. The Wurmlingers prevailed at trial and were awarded a judgment against Greenfield in the amount of $168,755.37. *Greenfield v. Wurmlinger*, 158 Idaho 591, 349 P.3d 1182 (2015)[2].

After losing at trial, Greenfield appealed to this Court, continuing to represent herself pro se. *Id.* at 595, P.3d at 1186**.** The Wurmlingers prevailed on appeal and were awarded costs and attorney fees. *Id.* at 606, P.3d at 1197.

---

[1] Mr. Frantz represented the other named defendants in the lawsuit, but not himself; as a defendant, he was represented by Ms. Hunter, his law partner, who was also named as a defendant in the lawsuit.

[2] The amount of the judgment is not in the Clerk's Record; however, the district court took judicial notice of the file in *Greenfield v. Wurmlinger* and established the amount of the judgment.

Around that same time, Greenfield also sued Smith, her former attorney in her action against the Wurmlingers, for legal malpractice. Again, Greenfield represented herself pro se in that matter. Then District Judge Cynthia K.C. Meyer[3] presided over the district court proceedings. The district court granted summary judgment to Smith, concluding that Greenfield had filed her action one day after the statute of limitations had expired, and that she had failed to designate an expert witness as was required in that case. Greenfield appealed the summary judgment decision to this Court. While we held that the district court erred in its conclusion that the lawsuit was barred by the statute of limitations, we affirmed the district court's ruling that the failure to designate an expert witness to prove legal malpractice warranted summary judgment. Following the conclusion of these lawsuits, Greenfield declared bankruptcy. Ultimately, the bankruptcy trustee sold Greenfield's home, in part to satisfy the Wurmlingers' judgment against her.

After her house was sold, Greenfield became embroiled in a dispute with the new owners, Paul and Jaime Menetrey, relating to the sale of the home and the date by which Greenfield needed to vacate the premises. Eventually, Greenfield vacated the home and proceeded to file suit against the Menetreys and three additional defendants: Zachary Froelich, Jonathon Frantz, and Andrea Hunter ("the Defendants"). The complaint alleged various causes of action arising out of the forced sale of Greenfield's home through the bankruptcy proceeding and the events that followed, culminating with Greenfield's vacation of the premises. Greenfield represented herself pro se in this matter as well.

Greenfield's case against the Defendants was initially assigned to District Judge Richard Christensen, but he voluntarily recused himself after Greenfield moved to disqualify him from the case. District Judge Barbara Buchanan was then assigned to preside over the matter. Subsequently, the Defendants filed a motion seeking to declare Greenfield as a vexatious litigant under Idaho Court Administrative Rule 59. In the motion, the Defendants argued that Greenfield should be designated as a vexatious litigant because she had maintained at least three civil actions in the last seven years, acting pro se, that had been finally determined adversely to her. Additionally, the Defendants alleged that Greenfield had repeatedly filed unmeritorious motions in her cases, also warranting a determination that she was a vexatious litigant. As set forth by Idaho Court

---

[3] The Honorable Cynthia K.C. Meyer has since been appointed as a Justice of the Idaho Supreme Court and did not participate in the appeal of this case. Inasmuch as she previously served as the administrative district judge for the First Judicial District, she will be referred to as "the ADJ" when acting in that capacity, and as "Judge Meyer" when acting in her capacity as a trial judge in previous cases.

Administrative Rule 59, the motion was set to be heard by the ADJ. Greenfield opposed the motion and filed an objection. She also filed a motion to designate Frantz as a vexatious litigant under the same rule.

Greenfield then separately filed a motion to disqualify the ADJ from hearing the motion to designate Greenfield as a vexatious litigant under Idaho Rule of Civil Procedure 40(b)(D). Greenfield argued that the ADJ was biased because she had previously presided over a case involving Greenfield. *See Greenfield v. Smith*, 162 Idaho 246, 395 P.3d 1279 (2017). In that case, this Court ruled that Judge Meyer had erred in part by granting summary judgment after mistakenly concluding that the suit was filed outside the statute of limitations. While this Court ultimately upheld the district court's ruling on the grounds that Greenfield had failed to designate an expert witness, Greenfield alleged that because it had been shown that Judge Meyer had erred in part, as ADJ she would be unable to preside fairly over the current matter involving Greenfield.

At a hearing on February 23, 2022, the ADJ discussed the various motions before the court with the parties, ultimately setting the motion to disqualify and both vexatious litigant motions for hearing on April 6, 2022.

At the hearing on April 6, 2022, the ADJ first took up the motion to disqualify her as the judge in the matter. The ADJ noted that while she did not necessarily enjoy being overturned on any given appeal, it is a fact of life for district court judges; moreover, she remarked that she was very thankful for the robust appellate system that exists in America to correct errors made in lower courts. The ADJ stated that she firmly believed that she had no bias against Greenfield and that being partially overturned in a previous case would not prevent her from being fair and impartial in the present case. Thus, the ADJ denied Greenfield's motion to disqualify her as a judge in the matter.

The ADJ then addressed both vexatious litigant motions. The ADJ took note of the procedure set forth in Idaho Court Administrative Rule 59; specifically, that the ADJ was not required to hold a hearing on the matter initially. I.C.A.R. 59(e). Nevertheless, the ADJ decided to hear arguments from both sides on the matter. The ADJ noted that a motion to designate a person as a vexatious litigant could be brought by either a judge or a party. During the hearing, the ADJ advised that there was an additional unsuccessful civil action filed by Greenfield in 2016, *Greenfield v. City of Post Falls Mun.*, that potentially fell into the category of a pro se civil action decided adversely to Greenfield within the last 7 years. *See Greenfield v. City of Post Falls*

4

*Municipality*, 648 F. App'x 739 (9th Cir. 2016). The ADJ stated that she believed she had become aware of this litigation while handling the *Greenfield v. Smith* case. Up to that point, neither party had included that particular case in their arguments or in their briefing.

After hearing arguments from both parties, the ADJ took the matter under advisement and permitted the parties to address whether *Greenfield v. City of Post Falls Municipality* was pertinent to the pending motions through additional briefing, if any party wished to do so. Greenfield expressed concern over the ADJ bringing this case to the attention of the parties, suggesting that it was improper for the ADJ to do so. The ADJ directed Greenfield to address any concerns she had in writing and Greenfield later filed a supplemental brief on the matter on April 11, 2022.

On May 10, 2022, the ADJ issued a "Prefiling Order Designating Christina Greenfield a Vexatious Litigant." ("Prefiling Order"). In that order, the ADJ stated:

> [This court] finds sufficient facts in the record to conclude that Christina Greenfield has in the immediately preceding seven-year period commenced, prosecuted, or maintained pro se at least three litigations (as that term is defined in Idaho Court Administrative Rule 59(b)), other than in the small claims department of the magistrate division, that have been finally determined adverse to her, as well as engaged in other tactics that are frivolous or solely intended to cause unnecessary delay.

While the caption of the order did not include the words "proposed" or "preliminary," the ADJ made clear in the text of the order that it was not a final order, but rather a proposed one. For example, the ADJ wrote in its order: "Ms. Greenfield shall have fourteen (14) days to file a written response to this *proposed* order and findings." (Emphasis added). Additionally, the ADJ noted that, after the 14 days had expired, it would issue a "final prefiling order," provided there was a sufficient basis to do so. The ADJ also observed that it was within her discretion to hold another hearing on the matter after receiving responses, if she deemed it to be appropriate.

The Prefiling Order set forth the relevant standard for designating a vexatious litigant under Idaho Administrative Court Rule 59. The district court made findings of facts and conclusions of law, taking judicial notice of certain documents in the following manner:

> a. Kootenai County Case CV2010-8209: The Notice of Substitution of Counsel filed by Ms. Greenfield (June 24, 2011) that [sic] she represented herself pro se and all documents filed thereafter in the case. Of increased importance are all of the motions to reconsider filed by Ms. Greenfield, and the repeated and frequent motions she filed, as well as the final judgment against her;
>
> b. Kootenai County CV2012-4701: All documents filed therein, with particular notice of the final judgment entered on December 3, 2012;

c. Kootenai County CV2014-8801: All documents filed therein, with particular notice of the final judgment entered on October 22, 2015;

d. Idaho Supreme Court Opinion in *Greenfield v. Wurmlinger*, 349 P.3d 1182 (Idaho 2015);

e. Idaho Supreme Court Opinion in *Greenfield v. Smith*, 395 P.3d 1279 (Idaho 2017);

f. Idaho Bankruptcy Court Case 19-20785-NGH: attached hereto and incorporated herein by reference as Exhibit A is a true and correct copy of the Docket Report showing all pleadings filed therein; and

g. Ninth Circuit Bankruptcy Appellate Panel Case No. ID-21-1 150, Appellants Second Motion for an Extension of Time to File Initial Brief Pursuant 8018(a)-1, filed on Oct. 18, 2021.

h. The Complaint filed in connection with the above-referenced lawsuit.

The order found that "within the last seven years of this motion, [Greenfield] has maintained at least three litigations, each of which resulted in a negative outcome for [her]." In addition to the unsuccessful litigations, the order also referenced numerous motions in various lawsuits filed by Greenfield, on which she received an adverse ruling for each referenced motion. Moreover, the order stated that Greenfield had also "engaged in other tactics that are frivolous or solely intended to cause unnecessary delay," and had also simultaneously made contradictory representations to different courts. Finally, the order concluded that "in each of the cases in which Ms. Greenfield has represented herself pro se, she has delayed and lengthened and extended the time periods for resolution of the matters causing unneeded and substantially unnecessary delays."

Greenfield subsequently exercised her right to respond to the proposed findings in the Prefiling Order, submitting an additional brief addressing the Prefiling Order. Greenfield dedicated much of her brief to justifying her actions in each litigation referenced in the Order, arguing that they were not filed within the preceding seven years, nor were they brought frivolously. She also focused on Mr. Frantz's conduct, alleging that he misled the ADJ and frivolously filed the motion to designate her as a vexatious litigant.

On June 23, 2022, Greenfield filed a premature appeal of the Prefiling Order to this Court. Later that same day, the ADJ issued its Amended Prefiling Order Designating Christina Greenfield a Vexatious Litigant ("Amended Prefiling Order").[4] The Amended Prefiling Order was similar to

---

[4] On the same day, the ADJ also issued a Memorandum Decision denying Greenfield's motion to find Jonathan Frantz a vexatious litigant.

the original Prefiling Order; however, it removed any language indicating it was a proposed order; thus, it became the final order on the matter. Additionally, the ADJ deleted any references to Greenfield's federal bankruptcy case, finding them to be immaterial to the matter at hand. The Amended Prefiling Order added a reference to *Greenfield v. City of Post Falls Municipality*, the case on which it had allowed additional briefing. The ADJ again took judicial notice of each case and its accompanying documents, much in the same manner as it did in the Prefiling Order.

In the final order, the ADJ specifically found that Greenfield qualified as a vexatious litigant under I.C.A.R. 59(d)(1), as she had, within the last seven years, maintained at least three pro se litigations, each resulting in a negative outcome to Greenfield. The ADJ found that the following cases supported her conclusion:

> a. Kootenai County Case Number CV2010-8209, by maintaining pro se the litigation following the Idaho Supreme Court Opinion in *Greenfield v. Wurmlinger*, 158 Idaho 591, 349 P.3d 1182 (2015) (Remittitur June 16, 2015);
>
> b. Plaintiff's appeal in Kootenai County Case Number CV2010-8209, filed December 31, 2015. (Dismissed on March 14, 2016, *see* Supreme Court Docket No. 43905-2016, Ref No. 16–101);
>
> c. Plaintiff's Appeal in Kootenai County Case Number CV2010-8209, filed May 13, 2016. (Dismissed July 20, 2016, *see* Remittitur);
>
> d. Plaintiff's appeal in *Greenfield v. City of Post Falls Municipality*, 648 F. App'x 739 (9th Cir. 2016).
>
> e. Plaintiff's appeal in *Greenfield v. Smith*, 162 Idaho 246, 395 P.3d 1279 (2017).

The ADJ also noted that, in accordance with the procedure set forth in Idaho Court Administrative Rule 59(e), Greenfield was given an opportunity to respond to the proposed prefiling order, which she did. The ADJ issued a Memorandum Regarding Plaintiff's Response to Prefiling Order Designating Christina Greenfield a Vexatious Litigant (hereafter "ADJ Memorandum"), specifically responding to Greenfield's brief and explaining its reasoning for designating her as a vexatious litigant. In her memorandum, the ADJ explained that she found that there were at least three cases, noted *supra*, that were finally determined adversely to Greenfield. The ADJ went into detail for each case, explaining how each was maintained or filed within the last seven years (referencing the pertinent document to support the assertion) and stating that each was determined adversely to Greenfield through dismissal. The ADJ concluded that because the court had considered Greenfield's response to the proposed prefiling order, explained her reasons for reaching a different conclusion, and was now "[exercising] its discretion not to proceed with a

7

hearing on Plaintiff's Response to Prefiling Order Designating Christina Greenfield a Vexatious Litigant."

On July 27, 2022, Greenfield filed an Amended Notice of Appeal Re: Vexatious Litigant and appealed the Amended Prefiling Order to this Court as a matter of right under I.C.A.R. 59(f).

## II. STANDARDS OF REVIEW

"An ADJ's determination that an individual is a vexatious litigant is reviewed for an abuse of discretion." *Re Khurana*, 169 Idaho 120, 492 P.3d 1079, 1081 (2021) (citing *Telford v. Nye*, 154 Idaho 606, 610, 301 P.3d 264, 268 (2013)). Likewise, a judge's decision whether to disqualify herself "is left to the sound discretion of the judge [herself]." *Sivak v. State*, 112 Idaho 197, 206, 731 P.2d 192, 201 (1986).

When reviewing a decision for an abuse of discretion, the appellate court applies the four-part *Lunneborg* standard. *Lunneborg v. My Fun Life*, 163 Idaho 856, 421 P.3d 187 (2018). Under that standard, the appellate court asks whether the lower court: "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Id.* at 863, 421 P.3d at 194 (citation omitted).

An appellate court does not set aside factual findings unless they are clearly erroneous. *In re Prefiling Order Declaring Vexatious Litigant*, 164 Idaho 771, 776, 435 P.3d 1091, 1096 (2019) (citation omitted). "Findings of fact are not clearly erroneous if they are supported by substantial and competent evidence." *Id.* (citing *Hull v. Giesler*, 163 Idaho 247, 250, 409 P.3d 827, 830 (2018)).

## III. ANALYSIS

### A. The ADJ properly designated Greenfield as a vexatious litigant under Idaho Court Administrative Rule 59.

Greenfield maintains that the ADJ abused her discretion in four ways when she designated Greenfield as a vexatious litigant. First, Greenfield alleges that the ADJ was biased against her and should have been disqualified for cause. Second, Greenfield alleges that the ADJ did not follow the procedures prescribed in Idaho Court Administrative Rule 59 when she failed to allow Greenfield to respond to the Amended Prefiling Order. Third, and in the same vein, Greenfield argues that she was not afforded a proper opportunity to be heard on the proposed factual findings contained in the Amended Prefiling Order, thereby violating her right to procedural due process.

Finally, Greenfield argues that the Amended Prefiling Order was based on incorrect facts and lacked sufficient factual findings.[5] We will address each contention in turn.

1. *The ADJ did not abuse her discretion in refusing to disqualify herself from the vexatious litigant proceedings.*

On appeal, Greenfield argues that the ADJ was personally biased against Greenfield; therefore, she was required to disqualify herself from consideration of the vexatious litigant proceeding. Greenfield's basis for this claim stems from a case over which the ADJ had previously presided involving Greenfield. In 2014, Greenfield brought a legal malpractice action against Ian Smith, the attorney who had represented her in the *Greenfield v. Wurmlinger* case. Then District Judge Meyer granted a motion for summary judgment in favor of Smith on two bases: first, that the statute of limitations barred Greenfield's claim and, second, Greenfield had failed to designate an expert witness to establish that the applicable standard of care for legal malpractice had been breached. On appeal to this Court, we determined that the statute of limitations had not run, but ultimately upheld the summary judgment ruling on the basis that Greenfield had not designated an expert witness as needed to establish legal malpractice. *See Greenfield v. Smith*, 162 Idaho 246, 395 P.3d 1279 (2017). Greenfield argues that because this Court determined Judge Meyer's legal reasoning was partially in error, she may harbor a lingering personal bias against Greenfield, thereby prejudicing her handling of the vexatious litigation proceedings.

As legal authority for her argument, Greenfield references several marginally relevant federal cases and procedural rules, while making a lone citation to Idaho Rule of Civil Procedure 40 in a heading of her brief. Thereafter, her brief contains conclusory statements that the facts demonstrate that the ADJ held a personal bias against her, without specifying or elaborating on why that is the case.

It is well established that this Court will not consider an issue on appeal that is not "supported by argument and authority in the opening brief." *Jorgensen v. Coppedge*, 145 Idaho 524, 528, 181 P.3d 450, 454 (2008). For example, this Court has refused to consider an appellant's claims "because he has failed to support them with either relevant argument and authority or coherent thought." *Clark v. Cry Baby Foods, LLC*, 155 Idaho 182, 185, 307 P.3d 1208, 1211 (2013)

---

[5] Greenfield also raises as an issue in the "Issues Presented" section of her brief as to "whether [ADJ] Meyer abused her discretion in granting respondents' attorney fees and costs." However, there is no further reference to this issue in her brief. More importantly, nothing in the record indicates that ADJ Meyer awarded any attorney fees in this matter. Thus, we will not address the issue.

(quoting *Liponis v. Bach*, 149 Idaho 372, 374, 234 P.3d 696, 698 (2010)). If the appellant presents arguments that are indiscernible, and it is unclear as to how such arguments are legally supported, the issues are deemed waived. *Bach v. Bagley*, 148 Idaho 784, 791, 229 P.3d 1146, 1153. Likewise, "[w]here an appellant fails to assert his assignments of error with particularity and to support his position with sufficient authority, those assignments of error are too indefinite to be heard by the Court." *Id.* at 790, P.3d at 1150 (citing *Randall v. Ganz*, 96 Idaho 785, 788, 537 P.2d 65, 68 (1975)).

While Greenfield fails to support her argument with sufficient authority and does not assign any error with particularity, this Court can nonetheless discern that the thrust of her assertion is based on Rule 40(b)—disqualification for cause. As we stated in *Bach v. Bagley*, this "does not necessarily mean that the arguments we address were presented in a cogent manner but merely that they were asserted to the extent that the Court deemed them to have been marginally raised." 148 Idaho at 791, P.3d at 1153.

When determining whether a judge should be disqualified based on facts learned during the course of a judicial proceeding, this Court had adopted the standard from the United States Supreme Court opinion in *Liteky v. United States*, 510 U.S. 540 (1994). In that case, the United States Supreme Court noted that:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible.

*Id.* at 555. Stated another way, "the standard for recusal of a judge, based simply on information that he has learned in the course of judicial proceedings, is extremely high." *Bach*, 148 Idaho at 792, P.3d at 1154. "[U]nless there is a demonstration of 'pervasive bias' derived either from an extrajudicial source or facts and events occurring at trial, there is no basis for judicial recusal." *Id.* at 791, 229 P.3d at 1153. Improper bias or prejudice must be "so extreme as to display clear inability to render fair judgment[.]" *Liteky*, 510 U.S. at 550–52.

Idaho Rule of Civil Procedure 40(b) states, in relevant part, that a party may seek disqualification of a judge if: "the judge is biased or prejudiced for or against any party or the subject matter of the action." I.R.C.P. 40(b)(1)(D).[6] Beyond stating the fact that the ADJ had previously presided over a case to which Greenfield was a party, Greenfield makes no other

---

[6] Greenfield also relies on various Federal rules and statutes prescribing standards for disqualification of federal judges. Because these rules are wholly inapplicable to an Idaho state district court judge, we do not address such arguments.

argument as to why the ADJ was personally biased against her. Greenfield merely states that the ADJ "*may* have a personal bias" against her and that she personally "believed that occurrence [of being partially overturned] *could* cause potential harm" to her in the present case. (Emphasis added). However, Greenfield does not point to any conduct or statements by the ADJ that support her subjective belief.

We conclude that the record is void of any fact demonstrating or even suggesting an actual or apparent personal bias held by the ADJ against Greenfield.[7] To the contrary, the ADJ stated very clearly that she harbored no ill will or bias toward Greenfield, and that she was confident in her ability to be neutral and unbiased in the matter before her. Nothing in the substance of the ADJ's decision or conduct supports a conclusion that her findings of fact and conclusions of law demonstrate bias, prejudice, or antagonism in her analysis and reasoning. As noted, Greenfield cites to no case law supporting her claim that the mere fact that a judge was determined to have partially erred on appeal warrants automatic disqualification on remand. Greenfield's argument solely rests on her mistaken perception of a common event in the American judicial system—an appellate court disagreeing with a trial judge.

With apologies to Jane Austin, it is a truth universally acknowledged, that a judge who has never been reversed on appeal, has simply not been on the bench long enough.[8] When an error occurs, a case is typically remanded to the same judge unless this Court determines that there is good cause to do otherwise. *See, e.g., Wiseman v. Rencher*, ___ Idaho ___, ___553 P.3d 948, 953 (2024) ("Trial judges routinely consider contested evidence and make rulings on its admissibility. Sometimes this Court reverses the ruling on appeal. Erroneously considering inadmissible evidence typically does not, standing by itself, give rise to actual bias or prejudice."). Indeed, if a judge who has made an erroneous ruling on appeal were automatically deemed to be personally biased against the appealing party on remand, this would result in the loss of a jurist with substantial knowledge of the facts and relevant law pertaining to the case. Judicial economy and common sense militate against replacing a sitting judge as a matter of course.

As previously explained, the standard one must meet to disqualify a judge due to information learned from prior judicial proceedings is extremely high. Here, Greenfield has failed

---

[7]The Court notes that during the hearing on Greenfield's motion to disqualify, ADJ Meyer recognized that while no judge necessarily enjoys being overturned, it is a mere fact of life for lower court judges.
[8] *See* JANE AUSTIN, PRIDE AND PREJUDICE 5 (Penguin Classics 2014) (1813).

to show even a scintilla of bias, let alone enough to meet this high standard. Because Greenfield has failed to demonstrate any factual basis for her claim of judicial bias, we hold that the ADJ did not err in failing to disqualify herself.

2. *In designating Greenfield as a vexatious litigant, the ADJ followed the procedure set forth in Idaho Court Administrative Rule 59.*

Greenfield argues that the ADJ abused her discretion by failing to follow the procedure set forth in Idaho Court Administrative Rule 59. In particular, she claims that the ADJ's refusal to allow Greenfield to respond to the additional factual findings in the Amended Prefiling Order was an abuse of discretion.

Idaho Court Administrative Rule 59(e) sets forth the procedure for an ADJ to designate a person as a vexatious litigant:

> If the administrative district judge finds that there is a basis to conclude that a person is a vexatious litigant and that a prefiling order should be issued, the administrative district judge shall issue a proposed prefiling order along with the proposed findings supporting the issuance of the prefiling order. The person who would be designated as a vexatious litigant in the proposed order shall then have fourteen (14) days to file a written response to the proposed order and findings. If a response is filed, the administrative district judge may, in his or her discretion, grant a hearing on the proposed order. If no response is filed within fourteen (14) days, or if the administrative district judge concludes following a response and any subsequent hearing that there is a basis for issuing the order, the administrative district judge may issue the prefiling order.

I.C.A.R. 59(e). Notably, although an initial hearing is not required by the rules, the ADJ exercised her discretion and opted to give the parties an additional opportunity to present oral argument before she considered the motion.

During the hearing, at which much of the discussion was centered around Greenfield's past pro se litigations, the ADJ brought to the parties' attention a particular case litigated pro se by Greenfield in the past, *Greenfield v. City of Post Falls Municipality*. The ADJ noted that the case could potentially serve as a qualifying litigation under Idaho Court Administrative Rule 59(d)(1). Up to that point, neither party had addressed that case. At the conclusion of the hearing, the ADJ took the vexatious litigant matter under advisement, and allowed for additional briefing on whether the *Greenfield v. City of Post Falls Municipality* case should be considered.

Greenfield subsequently submitted a supplemental brief addressing the applicability of *Greenfield v. City of Post Falls Municipality* to the vexatious litigation matter. Only after Greenfield responded did the ADJ issue the initial Prefiling Order, setting out proposed findings

12

and concluding that Greenfield qualified as a vexatious litigant. The Prefiling Order set forth seven pro se litigations maintained by Greenfield in the last seven years that were adversely determined against her. The Prefiling Order took judicial notice of each case and accompanying documents. Of relevance here, the Prefiling Order did not reference *Greenfield v. City of Post Falls Municipality*. After the issuance of the Prefiling Order, Greenfield exercised her right to respond to the proposed factual findings, submitting a brief on the matter within fourteen days of the order's entry.

After considering the additional briefing, the ADJ subsequently issued the Amended Prefiling Order, which served as the final order on the matter. The Amended Prefiling Order designated Greenfield as a vexatious litigant. The Amended Prefiling Order eliminated reference to three of the cases it included in the Prefiling Order (all related to Greenfield's bankruptcy proceedings), finding them to be unnecessary to its findings. However, it included a new reference to *Greenfield v. City of Post Falls Municipality*.

On appeal, Greenfield argues that she was entitled to respond to the additional information included in the Amended Prefiling Order before it became final and effective. Although not clearly articulated in briefing, Greenfield appears to argue that if any new information is included in the purported "final" order, it acts instead as another *proposed* order, thus triggering an additional fourteen-day period for the person to respond. For multiple reasons, we reject this argument.

First, nothing in Idaho Court Administrative Rule 59 requires an ADJ to give a party subject to the order an additional fourteen days to respond after incorporating new facts into the final order. The rule merely states that: "The person who would be designated as a vexatious litigant in the proposed order shall then have fourteen (14) days to file a written response to the proposed order and findings." I.C.A.R. 59(e). The rule does not provide the right for the person to respond to the final order; it only provides the right to respond to the proposed order.

Additionally, in this instance we conclude that including a new finding, the additional case referenced in the final order, did not prejudice Greenfield. Under Idaho Court Administrative Rule 59(d)(1), the ADJ need only find *three litigations* maintained pro se and aversely determined to the party to qualify them as a vexatious litigant. The Amended Prefiling Order found four other qualifying cases, not including *Greenfield v. City of Post Falls Municipality*, that met these requirements. Each of these cases were referenced in the original Prefiling Order. In other words, even if the inclusion of the additional case was improper, there was still a sufficient basis to find

13

Greenfield a vexatious litigant. Thus, even if the ADJ somehow erred as alleged, it would be wholly inconsequential to the outcome of this case.

Additionally, Greenfield's argument is further diminished by the fact that she was already provided notice of the potential inclusion of the *Greenfield v. City of Post Falls Municipality* case in the ADJ's determination that she was a vexatious litigant. At the hearing prior to the issuance of the Prefiling Order, the case was specifically discussed, placing the parties on notice, and both sides were afforded an opportunity to brief the issue. Greenfield took advantage of the ADJ's permission and provided additional briefing that addressed the applicability of the case to the vexatious litigant proceedings. Therefore, we conclude that the notice provisions in Idaho Court Administrative Rule 59(e) were complied with and Greenfield availed herself of the opportunity to respond. Accordingly, we conclude that there was no abuse of discretion.

3. *Greenfield was afforded due process of law under the 14th Amendment.*

Greenfield next alleges that she was not afforded adequate due process of law from the same course of events (i.e., when she was unable to respond to the additional factual findings in the Amended Prefiling Order). Again, Greenfield's argument is unpersuasive, and we hold that she was afforded adequate due process of law.

The Fourteenth Amendment of the U.S. Constitution guarantees that every person will be afforded due process of law. Generally, before the government can deprive an individual of a significant life, liberty, or property interest, procedural due process requires that she receive notice and have an opportunity to be heard on the matter. *In re Cook*, at 160, P.3d at 114 (citing *Bradbury v. Idaho Jud. Council*, 136 Idaho 63, 72, 28 P.3d 1006, 1015 (2001)). "A procedural due process inquiry is focused on determining whether the procedure employed is fair." *Bradbury*, 136 Idaho at 72, 28 P.3d at 1015. Procedural due process is not a rigid doctrine, but instead, a doctrine that requires procedural protections as warranted in each particular situation. *Id.* "The procedure required is merely that to ensure that a person is not arbitrarily deprived of his or her rights." *Telford*, 154 Idaho at 611, 301 P.3d at 269 (citing *Neighbors for a Healthy Gold Fork v. Valley Cnty.*, 145 Idaho 121, 127, 176 P.3d 126, 132 (2007)).

Initially, we note that while this Court has been presented with the issue in the past, we have not definitively determined whether a person has a protected liberty or property interest in filing pro se litigation without prior permission from a court. *See Telford*, 154 Idaho at 611, 301 P.3d at 269 (assuming, arguendo, that such a right exists and finding the appellant was afforded

14

due process); *In re Cook*, 168 Idaho at 160, 481 P.3d at 114 (assuming, without deciding, that appellant had a protected interest in filing pro se litigation without permission of a court). As in those previous cases, we need not decide that issue in the present matter. Even assuming that Greenfield has a protected liberty or property interest in filing pro se litigation without permission of a court, we conclude that she was afforded adequate due process of law.

The record shows that Greenfield had sufficient notice of the factual findings contained in the Amended Prefiling Order, and multiple opportunities to address the case in question. Except with regard to the *Greenfield v. City of Post Falls Municipality* case, Greenfield was put on notice of the allegations against her in the original motion filed by the Defendants on February 8, 2022. Over the course of the proceeding, Greenfield filed three written briefs on the matter, as well as being afforded the opportunity to be heard at two separate hearings. Regarding *Greenfield v. City of Post Falls Municipality*, Greenfield was put on notice of the potential use of that case during the hearing on April 6, 2022. Most importantly, she was given permission by the district court to file a written brief specifically addressing the matter, which she filed on April 11, 2022. After considering her written arguments on the issue, the ADJ issued the Amended Prefiling Order on June 23, 2022. Based on these facts, it is clear that Greenfield was afforded sufficient notice of the factual findings contained in the Amended Pretrial Order, and as well as an adequate opportunity to be heard on them. Thus, we hold that Greenfield was afforded adequate procedural due process of law.

4. *The ADJ did not violate any ethical rules by reviewing Greenfield's litigation history and taking judicial notice of* Greenfield v. City of Post Falls Municipality.

Greenfield next argues that the ADJ violated Idaho Judicial Code of Conduct 2.9(D) by bringing to the parties' attention a case in which Greenfield had previously litigated. In making this argument, Greenfield dedicates two sentences in her brief to the matter, consisting entirely of conclusory statements and offering no analysis or particularized facts. [9]

As this Court has previously stated, "[w]e will not consider an issue not 'supported by argument and authority in the opening brief.' " *Bach*, 184 Idaho at 790, 229 P.3d at 1152 (quoting *Jorgensen v. Coppedge*, 145 Idaho 524, 528, 181 P.3d 450, 454 (2008)). Even if the issue is set

---

[9] While this Court holds original jurisdiction over claims of judicial misconduct, the Idaho Judicial Council is charged with investigating such claims and making recommendations to this Court. Idaho Const. Art. V, § 2; *see also Idaho Judicial Council v. Becker,* 122 Idaho 288, 292–93, 834 P.2d 290, 294–95 (1992). Thus, Greenfield's arguments here raise the question of whether this Court should address the ethical rules as a basis for her appeal or leave the matter for the Idaho Judicial Council. However, we need not address the issue here, for the same reasons explained below.

forth in a party's brief as one of the issues on appeal, "if [it] is only mentioned in passing and not supported by any cogent argument or authority, it cannot be considered by this Court." *Id.*, (citing *Inama v. Boise Cnty. ex rel. Bd. of Comm'rs*, 138 Idaho 324, 330, 63 P.3d 450, 456 (2003)); *see also* Idaho App. R. 35(a)(6) ("The argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon."). Further, if "an appellant fails to assert his assignments of error with particularity and to support his position with sufficient authority, those assignments of error are too indefinite to be heard by the Court." *Bach*, 184 Idaho at 790, 229 P.3d at 1152 (*citing Randall v. Ganz*, 96 Idaho 785, 788, 537 P.2d 65, 68 (1975)).

Here, Greenfield fails to offer any cogent argument and authority for her assertion that the ADJ violated the Idaho Code of Judicial Conduct or how any such violation supports her claim of error. As noted, the issue is mentioned in passing, found in two short sentences, and is not supported by any substantive or coherent argument. Greenfield's brief merely contains a short quote of Idaho Judicial Code of Conduct 2.9(D), followed by one sentence stating that the ADJ "presented information she had previously discovered in [*Greenfield v. Smith*], at the April 6, 2022, (sic) for the respondents' exclusive benefit." However, she does not even attempt to articulate how such a fact gives rise to a violation of the Idaho Code of Judicial Conduct or how an alleged violation supports her claim of error on appeal. Further, she fails to provide sufficient legal authority to support her position, as she simply cites the rule and makes no attempt, let alone a cogent argument, for why it applies or was violated in this instance. For these reasons, we will not consider such an argument.

   5. *The ADJ did not abuse her discretion by determining that Greenfield had maintained at least three pro se litigations that had been finally determined adversely to her, and such determination was supported by sufficient factual findings.*

Finally, Greenfield alleges that the Amended Prefiling Order was supported by incorrect and insufficient factual findings; thus, the ADJ abused her discretion in designating Greenfield as a vexatious litigant. Idaho Court Administrative Rule 59, sets forth four grounds, any one of which is sufficient to designate a person as a vexatious litigant:

> (1) In the immediately preceding seven-year period the person has commenced, prosecuted or maintained pro se at least three litigations, other than in the small claims department of the magistrate division, that have been finally determined adversely to that person.

16

(2) After a litigation has been finally determined against the person, the person has repeatedly relitigated or attempted to relitigate, pro se, either (A) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (B) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.

(3) In any litigation while acting pro se, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.

(4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding.

I.C.A.R. 59(d)(1)-(4). In the Amended Prefiling Order, the ADJ determined that Greenfield met the requirements for Idaho Court Administrative Rule 59(d)(1), by finding that Greenfield had unsuccessfully maintained at least three qualifying pro se litigations that had been finally determined adversely to her.

"Although the Idaho Rules of Civil Procedure are not applicable to proceedings under Idaho Court Administrative Rule 59, the requirement that a court's judgment be supported by sufficient factual findings is still applicable in the context of vexatious litigant proceedings." *In re Cook*, 168 Idaho at 161, 481 P.3d at 115 (internal citations omitted). The reason for this requirement "is to provide the appellate court with 'a clear understanding of the basis of the trial court's decision, so that it might be determined whether the trial court applied the proper law to the appropriate facts in reaching its ultimate judgment.' " *Id.* at 161–62, P.3d at 115–16 (quoting *Akers v. Mortensen*, 147 Idaho 39, 44, 205 P.3d 1175, 1180 (2009)). The findings of fact "should be clear, coherent, and complete while avoiding an unnecessary review of the evidence." *In re Cook*, 168 Idaho at 162, 481 P.3d at 116 (citations omitted).

Greenfield alleges that the ADJ incorrectly determined that each of the listed litigations were brought within the previous seven years, and incorrectly concluded that each of the listed litigations were finally determined adversely to her. Greenfield also asserts that the ADJ did not sufficiently lay out the factual basis for concluding that each litigation was adversely determined to her.

Idaho Court Administrative Rule 59 defines "litigation" to mean: "*any civil action or proceeding*, and includes any appeal from an administrative agency, any appeal from the small claims department of the magistrate division, any appeal from the magistrate division to the district court, and *any appeal to the Supreme Court.*" I.C.A.R. 59(b) (emphasis added). Notably, each

individual appeal is considered a separate "litigation" under this definition. Additionally, Rule 59(d)(1) specifies that a litigation need not necessarily be commenced within the last seven years, and that *maintaining* such a suit within the last seven years satisfies the time requirement. Finally, we have held that "a litigation is 'finally determined adversely to' a party when it has been decided against that party's interest or position, all of the issues have been disposed of, judgment has been entered, and no further judicial action is required." *In re Cook*, 168 Idaho at 161, 481 P.3d at 115.

Here, Greenfield does not contest that each appeal constituted a separate litigation. Instead, Greenfield spends much of her brief arguing that the litigations referenced in the Amended Prefiling Order do not fall within the ambit of Rule 59(d)(1) because she did not "file" such cases within the last seven years. However, this contention reflects a misunderstanding of the language in Rule 59(d)(1). A litigation need not be *filed* within the time-period to count; it is sufficient that the person *maintains* such litigation within the specified time-period. In other words, even if a case was commenced more than seven years prior, it may still qualify if the litigant continued to maintain the case within the preceding seven years. Thus, while it may be true that Greenfield did not file each referenced case in the prior seven years, the record confirms that the ADJ correctly determined that Greenfield *maintained* such litigations within the prior seven years.

Greenfield next argues that each of the five litigations found by the ADJ to qualify under Idaho Court Administrative Rule 59(d)(1) were not decided adversely to her; instead, Greenfield argues that each matter was, at least in part, determined favorably to her. She bases this argument on her contention that not all of the litigations listed in the Amended Prefiling Order were deemed as being "frivolous" by the respective court in each case. Again, this argument misperceives the rule. To be deemed a vexatious litigant under Idaho Court Administrative Rule 59(d)(1), each litigation need not have been frivolous; rather, the litigations must have been decided adversely to the person.

A review of the record demonstrates that each referenced litigation was decided adversely to Greenfield. The first litigation cited in the Amended Prefiling Order is Kootenai County Case No. CV2010-8209, the continuation of the same case that was remitted following this Court's opinion in *Greenfield v. Wurmlinger*, 158 Idaho 591, 349 P.3d 1182 (2015) (Remittitur June 16, 2015). The ADJ Memorandum describes each action taken by Greenfield that constitutes maintenance of the litigation, listing five separate motions falling within the time period, and stating that each motion was determined adversely to Greenfield. For example, Greenfield

maintained the litigation by filing motions such as *Plaintiff's Amended Objection and Motion to Dismiss Examination of Judgment Debtor and Motion for Contempt of Court Orders and Sanctions for Defendants Violations of Said Orders, Idaho Rules of Civil Procedures, and Idaho Code and Accompanying Affidavit*, filed on September 9, 2015. The filing of these motions constitutes the maintenance of the litigation and because such motions were filed within the seven-year period, it qualifies under Idaho Court Administrative Rule 59(d)(1). As the ADJ Memorandum notes, each motion in the case was decided against Greenfield, and she ultimately lost the case in its entirety.

The next two litigations cited in the Amended Prefiling Order are the two separate appeals in Kootenai County Case No. CV2010-8209 (again, based on the *Greenfield v. Wurmlinger* case). Again, each appeal was filed and maintained within the relevant seven-year time-period, with the first appeal being filed on December 31, 2015, and the second appeal filed May 13, 2023. The Amended Prefiling Order also specifically notes the date each litigation was dismissed by this Court (March 14, 2023, and July 20, 2023, respectively). The Order also finds that each appeal was finally determined adversely to Greenfield through dismissal by this Court, citing to the Supreme Court Docket Number for the first appeal and the Remittitur in the second appeal. Further, beyond what is listed in the Amended Prefiling Order, Greenfield herself also acknowledges that she maintained and lost these appeals. In her brief, she admits that she ultimately lost the *Greenfield v. Wurmlinger* case and the multiple appeals that ensued. Instead of contesting this fact, she alleges that she pursued legally permissible avenues to overturn the lower court decision, and argues that the appeals were not deemed to be frivolous. Once again, Greenfield fails to understand that each appeal itself constitutes a separate litigation, and that each litigation need not be considered frivolous in order to qualify under Idaho Court Administrative Rule 59(d)(1).

The Amended Prefiling Order next listed *Greenfield v. Smith*, 162 Idaho 246, 395 P.3d 1279 (2017) (Kootenai County Case Number CV201 4-8801). The ADJ's Memorandum noted that while Greenfield was correct in stating that the litigation was commenced outside of the seven-year period, the case was still ongoing due to the appeal filed on December 2, 2015, bringing it within the applicable seven-year period. Additionally, the ADJ noted that the appeal was determined adversely to Greenfield in 2017. Greenfield does not contest the fact that the appeal, on the whole, was ultimately determined adversely to her; instead, she argues that because this Court *partially* overturned the district court's decision to grant summary judgment, the litigation should not count as an adverse determination. However, Greenfield's position is mistaken. While we determined the

district court's reasoning was in error on the statute of limitations defense, we upheld the granting of summary judgment in favor of her opponent in the case on the other ground relied upon by the district court. Thus, the appeal was determined adversely to Greenfield.

Finally, the Amended Prefiling Order relied on *Greenfield v. City of Post Falls Mun.*, 648 F. App'x 739 (9th Cir. 2016). The Amended Prefiling Order found that this litigation had been finally and adversely decided to Greenfield, and was maintained within the last seven years. The ADJ took judicial notice of the opinion rendered in the matter and the timing of the appeal. While Greenfield is again correct to point out that the underlying litigation in the district court commenced outside of the relevant time-period, her appeal was filed and maintained within the previous seven years of the Amended Prefiling Order.

Reviewing the record before us, we conclude that the record supports the ADJ's determination that each litigation was maintained within the relevant seven-year time period and was determined adversely to Greenfield. Therefore, the Amended Prefiling Order and the accompanying ADJ Memorandum articulated a sufficient factual basis to support the findings contained within the order.

Greenfield cites to *In re Cook* as supporting her argument that the order did not contain a sufficient factual basis. 168 Idaho at 162, 481 P.3d at 116. In *In re Cook*, we found that where the "ADJ simply listed the docket number for each case and indicated that each had been dismissed in favor of the other party," there was not a sufficient factual basis established in the prefiling order designating the pro se litigant as a vexatious litigant. *Id.* We went on to explain that an order containing no explanation for the determinations therein does not provide a sufficient basis for a Prefiling Order designating a person as a vexatious litigant. *Id.* We observed that litigations can be dismissed for a variety of reasons, such as procedural necessity or even voluntary dismissals. *Id.* Therefore, more than a conclusory statement that an action had been dismissed is required. However, we noted that "the language of Rule 59(d)(1) does not require an in-depth review of the merits of a dismissed litigation before concluding that it was finally determined adversely to a party…." *Id.* Instead, it simply requires the ADJ to sufficiently "demonstrate that its dismissal was adverse to the party in question." *Id.*

This case presents a markedly different scenario from the one in *In re Cook*. Here, the ADJ did not merely list the docket numbers of each case and note that each was decided adversely to Greenfield. Instead, the ADJ took judicial notice of each litigation, including the accompanying

opinions and documents relevant to each case, and then explained how each litigation was adversely determined to Greenfield through the ultimate dismissal of each case, whether on appeal or in the trial court. Accordingly, we find no abuse of discretion.

## IV. CONCLUSION

For the reasons set forth above, we affirm the Amended Prefiling Order designating Greenfield as a vexatious litigant.

Chief Justice BEVAN, and Justices BRODY, ZAHN and Justice Pro Tem Monson CONCUR.